Parker, J.
 

 The question is not raised in this case, whether the solvency of Backus at the time of the assignment would render the assignment void.' The burthen of proving that fact, or" any other on which the defendant depended to show the assignment to be fraudulent, rested upon the defendant, who relied solely upon the recital in the assignment. (10
 
 Paige,
 
 302.) But the recital, even if it were evidence as between these parties, falls far short of showing the solvency of the assignor. It seems rather to intimate his insolvency.' After reciting that he is justly indebted in sundry considerable sums of money, it adds that he has become unable to pay and discharge the same with punctuality or in full, and expresses his desire to make ■ a fair and equitable distribution of his property and effects among his
 
 *297
 
 creditors. These expressions are inconsistent with the idea of solvency.
 

 But the principal ground relied upon to avoid this assignment is that it authorizes a sale on credit, and falls within the decision in
 
 Barney
 
 v.
 
 Griffin,
 
 (2
 
 Comst.
 
 365,) and
 
 Nicholson
 
 v.
 
 Leavitt,
 
 (2
 
 Seld.
 
 510.) In these cases the assignments authorized sales upon credit in express terms. In this case, the assignees were authorized to sell and dispose of the property “
 
 upon such terms and conditions
 
 as in their judgment might appear best and most for the interests of the
 
 parties concerned,
 
 and convert the same into money,” &e. It is claimed that this authority is broad enough to cover a sale on credit.
 

 It is certain that the “ terms and conditions” on which the property is to be disposed of, are left entirely to the discretion of the assignees. But that discretion is to be exercised within legal limits. The law implies a restriction not inserted in express words. It will not defeat the instrument, by inferring that the assignor contemplated an illegal act. There is no express authority given in the assignment to sell on credit or do any other illegal act, and there is ample room, within legal limits, for the exercise of the discretion conferred. The assignees were at liberty to sell at public or private sale—in large or small quantities—or one article, with the privilege of taking more of the same kind at the same price. They might require a certain percentage to be paid at the time of the bid and the balance on delivery, and might prescribe the time and place for delivery in gross or in parcels. The language of the assignment can be abundantly satisfied by a construction that shall support the instrument, and, in such case, the rule is well settled that a construction shall not be given which shall defeat it.
 

 If the general authority given in the assignment is to be regarded as contemplating and authorizing a sale on credit, it authorizes equally any and every other illegal
 
 act;
 
 such as disposing of it by lottery, or at a
 
 raffle;
 
 making the sale a cover
 
 *298
 
 for usury; agreeing with the assignee himself to keep possession and dispose of it for his own benefit, &c. All these illegal things might be done under the broad authority to sell and dispose of the property on such terms and conditions as in the judgment of the assignees might appear best, and a design to do them may with as much propriety be imputed to the parties to the assignment as a design to sell on credit.
 

 In an agreement between A. and B., that the latter shall loan for the former the sum of ten thousand dollars, on such terms and conditions as he shall deem best for the interests of A., the language is broad enough to authorize an usurious loan;' but the law would not construe it as covering such an authority, and would not hold it void, as being an agreement to do an illegal act. It is only when the authority is express to do an illegalact, that the instrument will be held void. Where the authority is genera], it will be deemed to be, and to have been intended to be, within the limits prescribed by law.
 

 In
 
 Meacham
 
 v.
 
 Sternes,
 
 (9
 
 Paige,
 
 398,) where, in an assignment in trust, the assignor directed the trustee to sell the property “in such manner and at such reasonable times as should seem proper to him,? it vías held that he was not authorized to sell at retail and on credit, nor to send it to agents to be sold on commission. General as was the power conferred, it was held not to extend to, and that it ayouM not protect the assignee in doing, the illegal acts mentioned. In
 
 Hitchcock
 
 v.
 
 Cadmus,
 
 (2
 
 Barb. S. C. R.
 
 381,) the assignees were authorized “to
 
 manage
 
 and improve” the assigned property, and it was held that such proAÚsion did not render it invalid; but that these words should be satisfied by a construction, which would not empower the assignees to retain the assigned property for the purpose of erecting buildings, and making alterations and repairs on the real estate, and thus to hinder and delay creditors from collecting their just debts. In
 
 Whitney
 
 v.
 
 Krows,
 
 (11
 
 Barb.
 
 198,) the assignment contained the same authority in precisely the same language as in the case now under consideration; and it was held
 
 *299
 
 by Harris, J., that it should not be construed as authorizing them to sell on credit. The same construction was put upon the same language by Edwards, J., in
 
 Southworth
 
 v.
 
 Sheldon,
 
 (7
 
 How. Pr. R.
 
 414.) In
 
 Bellows
 
 v.
 
 Patridge,
 
 recently decided by Roosevelt, J., and not reported, the assignment authorized the assignee, “ as soon as reasonably practicable with due regard to the rightful interests of all the parties concerned, to convert into money by sales, either public or private, or by collection, as the case might require, or as might in the judgment of T. F. (the assignee) be for the best advantage, all the said real and personal property, &e., and to apply the proceeds, &c., as directed in the assignment.” It was objected that this was void, as authorizing a sale on credit. But the court held that no «such illegal intent would be implied. A case has recently been decided at general term by the supreme court, sitting in the third district,
 
 (Mann
 
 v.
 
 Whitlock,)
 
 which is not yet reported, in which the assignee was authorized
 
 “
 
 to employ suitable agents at a reasonable compensation, &c., and generally to adopt such measures in relation to the settlement of the estate as would, in his judgment, promote the true interests thereof.” It was held that this general authority did not authorize a sale on credit, and that the assignment was valid. In the cases of
 
 Woodburn
 
 v.
 
 Mosher,
 
 (9
 
 Barb. S. C. R.
 
 255,) and
 
 Murphy
 
 v.
 
 Bell,
 
 (8
 
 How. Pr. R.
 
 468,) there was a provision that the assignees should convert the assigned estate into money “ within such convenient time as to them should seem meet,” and it was held that it was an authority to sell on credit. A specific provision, giving “ convenient time,” distinguishes those cases from the one under consideration.
 

 I have learned of no case in which the assignment has been held invalid on the ground now taken; but so far as opinions have been expressed by the courts, I believe they agree generally in the view I have taken. The clause in question has long been in use in this state, and will be found in the established precedents.
 
 (Ang. on Assignments,
 
 209, 215.) I believe it was never questioned till since the decision in
 
 Barney
 
 v.
 
 Griffin.
 

 
 *300
 
 I think the assignment was valid, and that the judgment of the supreme court should be affirmed.
 

 Johnson, J., delivered an opinion to the same effect.
 

 Gardiner, Ch. J., and Denio, Selden, Allen and Edwards, Js., concurred.
 

 Judgment affirmed.