## PAUL BEUS, ASSIGNEE, ETC., APPELLANT *v.* M. SHAUGH-NESSY, U. S. MARSHAL OF UTAH, RESPONDENT.

1. FRAUDULENT ASSIGNMENT, ETC.—An assignment of property to an assignee, with authority to dispose of such property for the benefit of certain creditors, and directing that the "times, places and terms of selling the property shall be agreed on by the trustee and a majority in interest of the first and second class creditors," etc., authorizes the sale of such property on credit, and is therefore fraudulent and void.

2. POWER TO SELL ON CREDIT VOID.—Deeds of assignment giving authority to the assignee to sell upon credit are fraudulent and void as to creditors not consenting thereto.

3. "TIMES," "PLACES" AND "TERMS" OF SELLING.—A deed of trust assigning property for a certain class of creditors, and giving the assignee and certain creditors the right to determine the "times, places and terms" of sale, authorizes a sale on credit, and is void as to any creditor objecting to the good faith and validity of such assignment.

Appeal from the Third Judicial District Court.

The facts, other than those set out in the opinion, are as follows:

On the 12th of September, 1878, Louis P. Beus, being largely in debt, made an assignment of his property to Paul Beus. The following is the deed of trust so made:

This deed of trust, made and entered into this September 12th, A. D. 1878, between Louis P. Beus, of Weber County, Utah Territory, of the one part, and Paul Beus, of the same county, of the other part, witnesseth: That for one dollar paid, and the further consideration of the undertakings, covenants, execution of the trusts, etc., herein set out, by the party of the second part, the party of the first part hereby conveys to the party of the second part the following property, etc., describing it. (Here follows list of creditors in the first and second classes; also the property.)

*Third*—After the payment of the above named creditors in full, then the following named creditors whatever balance may remain due and unpaid after exhausting the property upon which they have mortgage or other liens, or property conveyed in trust to secure their debts. (Here follows the names of the mortgage creditors.)

*Fourth*—Should the assets herein conveyed be insufficient to pay either class of creditors in full, then a *pro rata* is to be made in such class, according to the amount of the claims, but no *pro rata* is to be made between the different classes of creditors; but, so far as the assets will go, the first class is to be discharged first, and then the remainder appropriated to the second class, and then, if any, remainder to be appropriated to the third class, should there be any such liabilities.

*Fifth*—The times, places and terms of selling the property shall be agreed on by the trustee and the majority in interest of the first and second class creditors, that is, those persons owning a majority in amount of the debts set out in the second class, without regard as to which class they belong to, shall control in arranging the times, places and terms of the sale of the property herein conveyed, and should a majority and the trustee not agree, then those persons owning two-thirds of said debts, without reference to the classes, shall have the right to

direct the trustee as to the times, places and terms of selling said property herein conveyed.

*Sixth*—When said debts hereinbefore set out shall be fully paid and discharged, and the purposes of this conveyance accomplished, whatever may remain of the property herein conveyed, is to revert to the said party of the first part or his legal representative, and the title thereto reinvest in him the same as though this deed had never been made, and any conveyance or writing which may be necessary is to be executed by the trustee.

*Seventh*—The trustee aforesaid, the party of the second part, agrees to accept said trust, and to perform his duty as such trustee as the law may direct, according to the best of his ability.

In witness whereof the said parties hereto set their hands and seals the day and date above written.

LOUIS P. BEUS, [L.S.]

PAUL BEUS. [L.S.]

Attest:

 R. K. WILLIAMS,

 F. S. RICHARDS.

The other facts are stated in the opinion of the court.

*Richards & Williams*, for appellant.

Whether deeds of assignment by embarrassed debtors falls at all within the statutes of fraud of the several States and Territories is still a problem, with much authority on each side. Certain it is that the English courts did not regard them as coming within the 13 Eliz. c. 5, or 29 Eliz. c. 5, 2 Perry on Trusts, § 590, referring in note 1 to 4 East. 9, 5 T. R. 424, 1 Binn. 514; because all deeds of assignment must necessarily, to a greater or less extent, delay creditors; hence a literal application of the words of the statute would render all deeds of assignment invalid. But on the simple, naked proposition whether the assignor may not in the deed provide that the assigned estate may or shall be sold on time, there has been

great conflict of authority among the American States, but the weight of authority preponderates in favor of his right to do so.

The United States Supreme Court in *Sumner et al.* v. *Hicks et al.*, 2 Black. 534, in deciding a case from Wisconsin, said: " In cases like this, involving the construction of a State statute, this court is governed by the judgment of the highest judicial authority of the State. This ruling of the Supreme Court of Wisconsin is sustained by numerous adjudications in other States. 2 Seld. 510; 6 Seld. 691; 17 N. Y. 21; 21 N. Y. 168; 2 Duer. 533; 24 Ill. 257; 11 Md. 173.

" There are conflicting authorities upon the subject of great weight, 6 O. S. 620; 7 Paige, 272; 11 Barb. 198; 4 Sandf. (S. C.) 251. See, also, the dissenting opinion of BROWN, J., in *Benedict* v. *Post et al.*, 12 Barb. 168. The question, as an original one, is not before us, and we express no opinion upon it."

This court will observe that the foregoing decision was not on a question whether the language of the deed authorized a sale on credit, for the Supreme Court of Wisconsin had settled that, but whether a provision providing for a sale on credit vitiated the deed.

The Supreme Court of Ohio in *Conkling & Shepherd* v. *Coonrod & Crum*, 6 O. S. 620, said: " A sale by a trustee upon a reasonable time of credit, taking the usual security, is an act of good faith, and is recognized by our laws relating to the settlement of the estates of deceased persons, and is frequently directed by the court. An absolute and inflexible rule that a trustee for the payment of debts must, at all times and under all circumstances, sell for cash, would not be for the interest of creditors. And, if this be so, a provision in the trust deed in regard to credit, not specifically requiring a credit beyond what a court would sanction in the absence of such a provision, cannot, in our opinion, be deemed *per se* fraudulent." It then refers to the New York decisions as being the law peculiar to New York, but as not sustained upon

principle or authority; and this decision of the Ohio Supreme Court is sustained by the weight of American authority. The Supreme Court of Tennessee in 11 Humph.; of Alabama, in 2 Ala.; Massachusetts, in 21 Pick. 185; Missouri, in 1 Morris, 296; Maryland, in 15 Md. 63; Kentucky, in 16 B. Mon.; Texas, in 22 Tex. 724; North Carolina, in 2 Iredell, 449.

But, upon the question whether the language of this deed of assignment actually confers upon the trustee the right to sell upon time, there is but little or no contrariety of opinion.

It is true that the Wisconsin Supreme Court has decided, in 1 Wis. 286, 2 Wis. 59, and 12 Wis. 352, that when the assignee has the sole power to fix the terms, the right to sell on credit is implied; but even it has never decided that when the terms are to be fixed and controlled by a majority of the creditors, such a provision vitiates the deed. And, on the other proposition, it stands alone, unsupported by any other authority, and contrary to every court which has had that exact question under review, so far as we can ascertain after a most diligent search.

In *Ashurst* v. *Martin*, 9 Port. (Ala.) 566, the authority in the deed was that " the trustee shall sell the trust property at such prices and such terms as he may deem expedient," held, that it did not, as to facts, show an intent to delay, hinder or defraud creditors.

In *Kellogg* v. *Slauson*, 15 Barb. (N. Y.) 56, the Supreme Court of New York had a deed of assignment under review, in which the assignees were " to take possession of the property and sell and dispose of the same upon such terms and conditions as in their judgment may appear best and most beneficial for the interests of the parties concerned, and convert the same into money," and this language was held by the court not to authorize a sale upon credit.

These cases have been affirmed, and the rule adopted, in 11 N. Y., and is now regarded as permanent and no longer open to discussion. See *Nelson* v. *Robertson*, 21 N. Y. 589; *Townshend* v. *Stearns*, 32 N. Y. 289.

In *Massey* v. *Noyes*, 26 Vt. (3 Deane,) 462, the Supreme Court of Vermont had under review a deed of assignment conferring on the assignees power to " forthwith take possession of the same, and faithfully, and as soon as practicable, and in the most beneficial manner, dispose of and convert into money the said real and personal estate," held that this did not give the assignees power to sell on credit, nor did it violate the statute against fraudulent conveyances.

In *Ely* v. *Hair*, 16 B. Mon. 230, the Appellate court of Kentucky held that " a provision in a deed of trust authorizing the trustee to take possession of the trust property and dispose of it at fair and reasonable prices, and to the best advantage," did not invalidate the deed.

In *Moennil* v. *Murdock*, 13 Wis. 164, the Supreme Court of Maryland held that " a direction to trustees to sell whenever they should think most proper and conducive to the interest of the trust, is not objectionable."

In *Berry* v. *Hayden*, 7 Clarke, 469, the Supreme Court of Iowa held that, even although a provision for a sale on credit might hinder creditors, yet a direction to the trustee to take such steps as he might deem proper for the sale of the property is not such a provision, and, therefore, does not make the deed void.

In *Ogden* v. *Peters*, 21 N. Y. 23, it was held that a direction to the trustee to " convert the property into cash as soon as the same may conveniently and properly be done," directs him to do that which he would without it be bound to do, and does not vitiate.

In *Jessup* v. *Hulse*, 21 N. Y. 168, the court held that a direction to the trustee to dispose of the property in such manner and at such time as might be most conducive to the interest of the creditors, directs what the law enjoins and does not vitiate.

*Tanner & Hoge*, for respondent.

Of the conflicting authorities there are three classes:

32

*First*—A class holding that an express authority to sell on credit will not make the deed void, which are exclusively in the Southern States, and, so far as we can learn, are based upon local statutes which permit sheriffs to sell property on execution upon credit, and are among the cases cited by appellant.

*Second*—A class holding that an express power to sell on credit makes the deed absolutely void. Of this class is every Northern State, to-wit: New York, Vermont, Wisconsin, Minnesota, Michigan, Illinois, and, as we believe, every other Northern State, where the statute on the subject is silent.

The third class hold that such power, either express or implied, avoids the deed. Of this class are New York and Wisconsin, with others, which, while the courts have held to the contrary in consequence of precedent, have expressed themselves as favorable to the doctrine laid down in the latter States.

We think the reason is all in favor of the principle as laid down in the New York and Wisconsin cases, and the question being new in this Territory, we think the court, in deciding this question, should establish a precedent in consonance with reason, especially when supported by such weight of authority as exist in its favor. Burrill on Ass. 296 *et seq.; Rapalee* v. *Stewart*, 27 N. Y. 311; *Brigham* v. *Tillingharst*, 13 N. Y. 215; *Hutchinson* v. *Lord*, 1 Wis. 286; *Keep* v. *Sanderson*, 2 Wis. 42; *Bowen et al.* v. *Parkhurst*, 24 Ill. 258.

Of the cases cited by appellant the case of *Kellogg* v. *Slauson*, 11 N. Y. (Ct. App.) 302, and so strenuously relied upon is not in point, as in that deed there were words which, as interpreted by the court, forbid a sale on credit. The case in 13 N. Y. 215, draws the distinction between that and the case of *Kellogg* v. *Slauson*, and illustrates the point we now contend for. The Ohio case is one where the decision was expressly based upon the local statute of that State. The case in 2 Seld. and others, cited by appellant, decide in favor of the very point we contend for.

The case of 2 Black. was an appeal from the district

court of the United States for the district of Wisconsin, and was in the nature of a bill in equity to set aside two deeds of assignment. The first gave power to sell on credit. The second was made solely for the purpose of correcting the first in this respect. It was a complete copy of the first, except as to the power to sell on credit, which it did not contain, and no liens having attached between the times of executing the two deeds, the court held the second deed valid.

BOREMAN, J., delivered the opinion of the court:

Louis P. Beus, being in failing circumstances, made an assignment to appellant, Paul Beus, of his property, for the benefit of his creditors, dividing them into three classes, and making preferences accordingly in the deed. He directed that the " times, places and terms of selling the property shall be agreed on by the trustee and the majority in interest of the first and second class creditors," and that if they do not agree then two-thirds of all of the creditors shall direct such " times, places and terms."

The respondent held some of the property thus assigned, and the appellant brought this suit for its recovery. The second amended complaint was filed, to which respondent demurred, on the ground that this complaint did not state facts sufficient to constitute a cause of action, the respondent holding that the deed of trust under which the appellant claimed the property was void against creditors, as it authorized sales of the property upon credit. The demurrer being sustained, and the cause dismissed in the District Court, the appellant has brought the case to this court.

There seems to be but one question for us to consider, and that turns entirely upon the construction to be placed upon the words " terms of selling." Do these words in the deed of trust embrace the power to sell upon credit? The courts now generally hold that deeds of assignment giving authority to the assignee to sell upon credit are fraudulent and void as to creditors not assenting thereto, and especially is this the case

where deeds make preferences between creditors. In New York this general rule seems to be fully recognized. The case of *Kellogg* v. *Slauson*, 11 N. Y. 302, at first reading would seem to be a departure from this rule, but upon a more careful consideration it will be found not to be such.

The assignees in that case were authorized to sell the property " on such terms as in their judgment might be best for the parties concerned, and convert the same into money."

In *Brigham* v. *Tillinghast*, 13 N. Y. 215, the case of *Kellogg* v. *Slauson* is referred to, and the court says that the last words, " convert the same into money," limited the disposition of the property to sales for cash, and that such was the purport of the ruling in *Kellogg* v. *Slauson*. This same rule is reiterated in *Rapalee* v. *Stewart*, 27 N. Y. 311.

The assignment held, in the case of *Sumner* v. *Hicks*, to be valid, contained language similar to that found in *Kellogg* v. *Slauson*, and, indeed, the closing words of the objectionable provision were precisely the same, viz.: " and convert the same into money." 2 Black. (U. S.) 532.

The inference from these cases is that if these last words had been left off, the assignments would have been held void, as authorizing sales upon credit. In the case at bar no such words appear, and the disposal of the property is not, therefore, confined to sales for cash.

The word " term " signifies, amongst other things, " a limit," " a boundary." If we say the power of sale is granted without " limit," without " boundary," it can be exercised to an unlimited extent and without bounds. In the case at bar there is no restriction whatever upon the power of sale granted to the trustees and a fixed proportion of the creditors. They were authorized to sell upon such " terms " as they might deem proper, and this power has no limits, no bounds. This broad grant certainly would necessarily embrace the power to sell upon credit.

In Wisconsin, in the case of *Hutchinson* v. *Lord*, 1 Wis. 286, where the assignment empowered the assignee to sell in

Paul Beus v. M. Shaughnessy.

such manner and " upon such terms and for such prices as to him shall seem advisable," it was held that this language gave power to sell upon credit, which would necessarily operate to hinder and delay creditors, and rendered the assignment fraudulent and void. In the case of *Keep* v. *Sanderson*, 2 Wis. 42, although the objectionable words were exactly those found in *Kellogg* v. *Slauson*, yet the court held that they conferred an authority to sell upon credit, and thus avoided the whole assignment.

Under our statute, the creditors of the assignor in this case could have subjected his property to the payment of his debts without that delay and hindrance which are contemplated by allowing sales upon credit, and an assignment which prevents what the statute authorizes in this respect, will not be upheld further than is necessary under the weight of authority.

" The law presumes every man to intend the legal consequences which most naturally flow from his own voluntary acts," and if his assignment would produce hindrance or delay to creditors in the collection of their debts, then the law raises the presumption that the assignee so intended. Burrill on Assign. 460–465.

The assignment in question, authorizing sales upon credit, would hinder and delay creditors, and was, therefore, in contravention of the statute of frauds, and consequently fraudulent and void as to creditors.

The judgment of the court below is affirmed with costs.

HUNTER, C. J., and EMERSON, J., concurred.