| 7  | 107 |
| 19 | 148 |

## G. E. SPRECHT AND ANOTHER, RESPONDENTS v. ELIAS H. PARSONS, APPELLANT.

ASSIGNMENT.—FRAUDULENT INSTRUMENT.—SALE ON CREDIT.—An assignment of property which among other things provides that the assignees out of the proceeds of the personal property above described will pay, etc., and that the assignees accept the trust and agree to execute the same by disposing of the property and collecting the choses in action due the assignor and applying the proceeds to the payment of debts, etc., is not void as authorizing expressly a sale upon credit, under the Utah statute of frauds, providing that every conveyance or assignment, in writing or otherwise, of any estate or interest in lands or in goods, made with the intent to hinder, delay or defraud creditors, is void.

APPEAL from a judgment of the district court of the first district and from an order overruling a motion for a new trial. The opinion states the facts.

*Messrs. Kimball and Allison,* for the appellants.

*Messrs. Smith and Smith,* for the respondents.

ZANE, C. J.:

It appears from the record in this case that one Valentine H. Harding, on the 4th day of October, 1890, assigned to respondents the goods in question, to pay his debts, and that while they were in possession, as such assignees, the appellant, as United States marshal, levied an attachment on them. On the trial of the case in the court below, the defendant objected to the introduction of the assignment in evidence on the ground that it was

void under the following provision of the statute of
Utah: "Every conveyance or assignment, in writing or
otherwise, of any estate or interest in lands or in goods,
* * * made with the intent to delay, hinder, or
defraud creditors or other persons of their lawful * *
* debts or demands, shall be void." 2 Comp. Laws, §
2838.

The court overruled the objection, and the defendant
excepted. The court also charged the jury that the
assignment was valid, to which appellant also excepted.
The appellant relies on both exceptions, and assigns the
ruling and charge of the court as error. He insists that
the assignment conferred the power to sell the property
assigned on credit, and that it is for that reason void.
The language which it is contended confers such author-
ity to sell on credit is as follows: "Out of the proceeds
of the personal property * * * will pay," etc.
"The said parties * * * accept this trust,
and agree to execute the same by disposing of the prop-
erty, * * * and applying the proceeds to the
payment of said debts." The intention to authorize the
assignees to sell on credit is not express. Is it implied?
The term "proceeds" of a disposition of property can
be construed to mean money or other property, and so
the term "dispose," in the connection in which it is
found, may mean a sale for cash or on time, or an
exchange for other property. To construe the language
used as meaning a sale for cash supports the instrument;
but to interpret it as authorizing a sale upon time, or
exchange of the goods for other property, renders the
assignment void. But the first construction mentioned
is equally, if not more, reasonable than either of the
others. When an assignment may be given a reasonable
construction by which it is valid, and another by which
it is void, the rule is to adopt the one that supports it.

In such case the court will assume that the assignor intended to make a valid instrument; that he did not intend to violate the law.

In *Nye* v. *Van Husan*, 6 Mich. 346, the court said: "It is fourthly objected that the assignment was void as allowing the assignees to sell upon credit. The assumption that they were allowed to sell upon credit is based upon the following language: 'And sell and dispose of the same either at public or private sale, as they in their good judgment may deem best, and upon such terms and conditions as they may deem most advisable, and for the best interest of the creditors, converting the same into money,' etc. If it be true that a grant of a power to sell upon credit would render the assignment void, (which is a question not before us,) yet we think a fair and reasonable interpretation of this language will not justify the construction that an illegal act was contemplated. This provision is usually found in the forms of assignments consulted by draughtsmen; and it is as reasonable to presume that the intent in following such form and in using the language was for a lawful as for an unlawful purpose."

In the case of *Benedict* v. *Huntington*, 32 N. Y. 220, the court said: "And also that where an instrument does not, by an express provision, authorize an illegal act, the legal inference is that the assignor did not contemplate or intend to authorize one." The same principle is announced in *Kellogg* v. *Slauson*, 11 N. Y. 302; *Wilson* v. *Robertson*, 21 N. Y. 587; Burrill, Assignm. 345. The case of *Bues* v. *Shaughnessy*, 2 Utah, 492, we do not regard as entirely analogous to the one in hand. We have carefully examined other cases referred to by counsel, but do not deem it necessary to make special reference to them. We are of opinion that the assignment which

we have considered is valid, and that the judgment appealed from should be affirmed. Judgment affirmed.

ANDERSON, J., BLACKBURN, J., and MINER, J., concurred.