S. HIRSCH & COMPANY, RESPONDENTS, v. H. E. STEELE, CONSTABLE, APPELLANT.

CONDITIONAL SALE OF MERCHANDISE.—VALIDITY.— A conditional sale of merchandise to be resold by the vendee, is valid, as against his attaching creditors.

(No. 452. Decided March 23, 1894. 36 P. R. 49.)

APPEAL from the district court of the fourth judicial district, Hon. James A. Miner, *Judge.*

Action of claim and delivery of S. Hirsch & Company against H. E. Steele, constable. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Mr. A. R. Heywood,* for appellant.

The doctrine of conditional sales does not apply or govern in a case where a wholesale vendor sells personal property on credit and delivers the same to a retail dealer for the purpose of resale by such vendee. *Winchester* v. *Carmen,* 9 N. E. R. 707 (58 Am. Rep. 382). There is a distinction between specific property, such as an organ, wagon, safe and other articles subject to identification, and such as are in dispute in this action, when placed in the hands of the buyer who is permitted to deal with it in a way inconsistent with the ownership of the seller. *Poorman* v. *Witman,* 31 P. R. 370; *Bonesteel* v. *Flack,* 41 Barb. 440; *Ludin* v. *Harver,* 31 Barb. 650.

*Messrs. Weber & Johnson,* for respondents.

The liquor that remained in the barrels was plaintiffs' goods, and subject to levy by the vendee's creditors; *Dewes Brewing Co.* v. *Merritt,* 82 Mich. 198; *Powell* v. *Wallace,* 25 P. R. 42. The general doctrine of conditional sales has been recognized by the decisions of this Court. *Russell* v. *Harkness,* 4 Utah, 197. See also *Shoshonetz* v. *Campbell,* 24 P. R. 672; *Redewell* v. *Gillon,* 12 P. R. 872; *Lewis* v. *McCabe,* 49 Conn. 141; *Armington* v. *Houston,* 38 Vt. 448; *Rogers* v. *Whitehouse,* 71 Me. 222; *Burbank* v. *Crocker,* 7 Gray, 158; *Moline Plow Co.* v. *Witham,* 34 P. R. 751; *Implement Co.* v. *Perkins,* 33 P. R. 360.

Smith, J.:

Plaintiffs delivered goods to one S. A. Miller under the following written contract: "Salt Lake, Utah, Feb. 26,

'92. This contract bet. S. Wilmer, Agent for S. Hirsch & Co. of Kansas City, Mo., of the first part, and S. A. Miller, party of the second part, S. Wilmer as agent for above firm agrees to put in 400 or 500 doll. worth of liquors consisting of three bar. of whiskey, namely, Blue Grass, Stag Head, Edgwater and six half barrels ass. brandis. Those goods to be the sole property of said firm and we have the right to demand our goods at any time we see fit to do so. Party of the second part agree to take good care of those goods and recognize same as such, and pay as their agent calls for, according goods sold at a certain price weekly or whenever their agent calls to see me. I also agree to show acc. of sale how much of their goods are sold in case dissatisfaction of said S. Wilmer regarding showing sales or payments that the party of the second part holds no claim whatever on those goods mentioned or the remaining of the goods and that those goods are the property of said firm and subject to their order or their agents orders and that I will deliver same on demand of their agent without trouble or delay as they are the property of said S. Hirsch & Co. S. A. Miller." The defendant, as constable, attached the goods in the hands of Miller, and plaintiffs brought suit in claim and delivery. Judgment for plaintiffs. Defendant appeals.

The only question presented by the record is whether the conditional sale of merchandise under the above contract for resale by the vendee is valid. The doctrine that conditional sales of specific chattels, sold to be held and used by the vendee, are valid, has been long established in England, and, in the absence of statutes to the contrary, generally prevails in all the states of the Union, except Illinois, Kentucky, Virginia, and perhaps one or two others. It is fully settled in Utah. See *Russell* v. *Harkness*, 7 Pac. 865; *Shoshonetz* v. *Campbell*, 24 Pac. 672. And in the case of *Russell* v. *Harkness*, 118 U. S. 663, 7

Supt. Ct. 51, the supreme court of the United States has given the great weight of its authority to this doctrine. We do not understand that appellant questions this rule, as applied to specific chattels sold for use by the vendee, but claims that a distinction should be made where, as in this case, goods are sold to a vendee for resale by him. As was said by the supreme court of New Mexico in the case of *Redewill* v. *Gillen,* 12 Pac. 877: "This position appeals strongly to our sense of justice, and we should hold with him, and thus uproot, in this jurisdiction, what we consider a pernicious system of secret titles, concealed in the pockets of the owner, and calculated to entrap the unwary, were we not impelled by an overwhelming weight of authority to the contrary." The states of New York and Indiana alone make the distinction insisted upon by appellant. See *Ludden* v. *Hazen,* 31 Barb. 650, and *Bonesteel* v. *Flack,* 41 Barb. 440. And for the rule in Indiana see *Manufacturing Co.* v. *Carman,* 9 N. E. 707. Kansas occupies a doubtful position on the question. In support of appellant's contention may be cited *Poorman* v. *Whitman,* 31 Pac. 370. But the case of *Standard Implement Co.* v. *Parlin & Orendorff Co.,* 33 Pac. 360, is by the same court, and on the other side of the question. But the following cases of the same character as the one at bar are directly in point, and against the appellant, to-wit: *Lewis v. McCabe,* 49 Conn. 141 (which was a conditional sale of liquors to a retail merchant); *Brewery Co.* v. *Merritt,* 82 Mich. 198, 46 N. W. 379 (a case of the same kind); *Armington* v. *Houston,* 38 Vt. 448 (a case where provisions were sold to be consumed by the family of the vendee); *Rogers* v. *Whitehouse,* 71 Me. 222 (a case of groceries sold conditionally to a retail merchant for resale); *Burbank* v. *Crooker,* 7 Gray, 158 (a case exactly like the last). Without further citation, we will say that the authorities, up to a very recent date, are all collated in

Bennett's Notes to Benjamin on Sales (pages 271–277 of the first American edition), and it only requires a very slight examination to see how overwhelmingly the weight of authority is against the appellant.    However much we may desire to see this rule abolished in this territory, we believe that it is the duty of the legislature, and not of the courts, to abolish it.    Judicial legislation is to be avoided, although the enforcement of the law, as we find it, may work a hardship in individual cases.    The judgment of the court below is affirmed.

MERRITT, C. J., and BARTCH, J., concur.