CHARLES LIPPINCOTT & COMPANY, APPELLANTS, *v.* E. E. RICH AND WASATCH DRUG COMPANY, A CORPORATION, RESPONDENTS.

ASSIGNMENT FOR BENEFIT OF CREDITORS — TITLE ACQUIRED BY ASSIGNEE — CONDITIONAL SALE — PERSONAL PROPERTY — HELD UPON CONDITION BROKEN. ASSIGNMENT — WHEN VOID — SEC. 2838, C. L. U. 1888. INCOMPETENT EVIDENCE — ACTION OF REPLEVIN. DEFAULT BY VENDEE IN CONDITIONAL SALE — RIGHTS OF VENDOR — MAY CHOOSE PAYMASTER.

1. *Assignment for Benefit of Creditors — Title Acquired by Assignee — Conditional Sale — Personal Property — Held upon Condition Broken.*

    An assignee for the benefit of creditors succeeds only to such rights as the assignor had at the time of the assignment. He acquires no title to property held under contract of conditional sale when the condition is unperformed, for the vendee under contract of conditional sale has no power to sell or mortgage until the conditions of sale are complied with.

2. *Assignment — Void When — Sec. 2838, C. L. U. 1888. Incompetent Evidence — Action of Replevin.*

    An assignment for benefit of creditors which empowers the assignee to sell on credit is fraudulent and void as to creditors of the assignor under Sec. 2828, C. L. U. 1888; and is incompetent evidence in a replevin action by a vendor in a conditional sale of personal property, who is entitled to possession upon condition broken.

3. *Default by Vendee in Conditional Sale — Rights of Vendor — May Choose Paymaster.*

    Where default is made by a vendee in the conditions expressed in a conditional sale of personal property, wherein it was provided that title should not pass to the vendee until all conditions were performed, the vendor is entitled to possession of the property and to choose his own paymaster, and he is not bound to accept any offer of payment from any person other than the original purchaser.

(Decided March 27, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action by plaintiff in claim and delivery to recover possession of a certain soda fountain and for damages for its detention.

From a judgment for defendants plaintiffs appeal. *Reversed.*

*C. S. Patterson, Esq.*, for appellant.

That the deed of assignment empowering the assignee to sell on credit is fraudulent and void, see *Beus* v. *Shaughnessy*, 2 Utah, 492 ; *Sphrecht* v. *Parsons*, 7 Utah, 107.

The appellant was not bound to accept any tender made at the time and in the manner alleged in the answer. *Dermott* v. *Jones*, 2 Wall., 1 ; *School Trustees* v. *Bennett*, 27 N. J. L., 513 ; *Adams* v. *Nichols*, 19 Pick., 275 ; *Crane* v. *Railway Co.*, 59 Ind., 165 ; *Millard* v. *Morse*, 32 Pa., 506 ; *Railway Co.* v. *Fort Scott*, 15 Kan., 435 ; *Durland* v. *Pitcairn*, 51 Ind., 426 ; *Fredenburg* v. *Turner*, 37 Mich., 402.

A waiver unsupported by a consideration is not binding. *Belknap* v. *Bender*, 75 N. Y., 453 (31 Am. Rep., 476) ; *Insurance Co.* v. *La Croix*, 45 Tex., 168 ; *Dunning* v. *Mauzy*, 49 Ill., 368 ; *Lantz* v. *Insurance Co.*, 139 Pa. St., 546 ; *Emerson* v. *Slater*, 22 How. (U. S.), 41 ; *Henning* v. *Insurance Co.*, 47 Mo., 431 ; *Flanders* v. *Fay*, 40 Vt., 317 ; *Bryan* v. *Hunt* (Tenn.), 4 Sneed, 546 ; *Adler* v. *Friedman*, 16 Cal., 140 ; *Mc Kinstry* v. *Runk*, 12 N. J. Eq., 60 · *Courtenay* v. *Fuller*, 65 Me., 158.

The vendor is entitled to possession as soon as the condition is broken. *French* v. *Osmer* (Vt.), 32 Atl., 254. The rule is very general and uniform that the condition precedent must be fully and strictly performed before the party on whom its fulfillment is incumbent can call on the other to comply with his promise. 2 Benj. on Sales (4th ed.), Sec. 858 ; *Dermott* v. *Jones*, 2 Wall. 1 ; *Foundry* v. *Hovey*, 21 Pick., 417 ; *Crane* v. *Railway Co.*, 59 Ind., 165 ; *Collins* v. *Delaporte*, 115 Mass., 159 ; *Millard* v. *Morse*, 32 Pa., 506 ; *Railway Co.* v. *Fort Scott*, 15 Kan., 435 ; *Durland* v. *Pitcairn*, 51 Ind., 426 ; *Husted* v. *Craig*, 36 N. Y., 221 ; *Fredenburg* v. *Turner*, 37 Mich., 402.

In case of a conditional sale third parties can not complete the contract. *Chase* v. *Pike*, 125 Mass., 117 ; Am. & Eng. Enc. of Law (2d ed.), 486, and numerous cases there cited ; *Ballad* v. *Burgett*, 40 N. Y., 314 ; *Coggill* v. *Railway Co.*, 3 Gray, 545 ; *Sumner* v. *Cotty*, 71 Mo., 121 ; *Hodson* v. *Warner*, 60 Ind., 214 ; *Cole* v. *Berry*, 42 N. J. L., 308 ; *Sanders* v. *Kiber*, 28 Ohio St., 630 ; *Kohler* v. *Hays*, 41 Cal., 455 ; *Cardinal* v. *Edwards*, 5 Nev., 36 ; *Singer* v *Graham*, 8 Ore., 19.

In case of conditional sale title to property does not pass to an assignee for the benefit of creditors. *Rogers* v. *Whitehouse*, 71 Me., 222.

Especially is this true where the assignor is in default. Am. & Eng. Enc. of Law (2d ed.), Vol. 6, 494, and cases there cited ; *Campbell* v. *Walker*, 22 Fla., 412 ; *Herrign* v. *Moore*, 17 So. Rep., 385.

The reason for this rule is found in the fact that an assignee can not be compelled to complete any of the executory contracts of his assignor. Am. & Eng. Enc. of Law, Vol. 3, p. 113 ; *Wilhelm* v. *Byles*, 60 Mich., 561.

*Messrs. Bennett, Harkness, Howat, Bradley & Richards*, for respondent.

The law is well settled that where it is apparent that an actual production of the amount necessary to be tendered would be useless, that it is unnecessary to go through the formality of making an actual tender, if the uselessness of the act is shown by the party to whom the money is due. *Smith* v. *Old Dominion Co.*, 26 S. E., 40 ; *Johnson* v. *Garlichs*, 63 Mo. App., 578.

It is complained that the court erred in refusing to give the following instruction requested by the plaintiff :

"The plaintiff is entitled to choose his own paymaster,

and was not bound to accept any offer from any person other than the original purchaser of the fountain."

. This certainly does not state the law. It has been uniformly held that where property is sold, and the title retained in the vendor until the purchase price, is paid, and the vendee executes notes, which are held as collateral security for part of the unpaid purchase price, that although the vendor retains the legal title, the vendee may sell his interest before condition broken, and the sub-vendee acquires all the rights held by the vendee, and may tender performance and perform all the conditions which might have been performed by the original vendee, and be subject to the same conditions and forfeitures. Benj. on Sales, p. 269 ; Tiedeman on Sales, p. 235 ; *Newhall* v. *Kingsberry*, 131 Mass., 445 ; *Lamber* v. *McCloud*, 63 Cal., 164 ; *Hurd* v. *Fleming*, 34 Vt., 169 ; *Carpenter* v. *Scott*, 13 R. I., 447.

The case of *Chase* v. *Pike*, 125 Mass., 117, cited by appellant to support the statement that in case of a conditional sale third parties can not complete the contract, does not seem to be in point.

While the vendor held the legal title, the vendee had an equitable interest therein, subject to performance of the conditions, and the vendor had the legal right as trustee for his vendee under the conditional sale, and upon tender of performance at that time was obliged to transfer the legal title to the vendee. *Whittier* v. *Stege*, 61 Cal., 238.

### STATEMENT OF FACTS.

This is an action by the plaintiff upon claim and delivery to obtain from defendants possession of a soda fountain, and damages for its detention. The action was commenced April 7, 1897. The defendants answer

and claim under a sale from Horn and the assignee of the maker of the contract.     Defendants also claim they made tender of payment after demand of possession.  It appears from the record  that on January 10,  1896,  Horn and wife were doing business at Salt Lake City under the name of Wasatch Drug Company.   On that day they purchased from the plaintiff, Lippincott and Company, the soda fountain in question by contract of conditional sale for the sum of $805, paying down the sum of $230, and giving a large number of notes for the balance, payable at the Bank of Commerce.   Note number 8 for $10 matured January 1, 1897 ; note number 9 for $10 matured February 1, 1897; note number 10 for $10 matured March 1, 1897, with interest at six per cent from May 1, 1896, amounting to $1.60.     These three notes, amounting to $31.60, principal and interest, were past due when this action was commenced, and the first one was past due when the assignment hereinafter mentioned was made.   All prior notes had been paid, but many notes were not yet due.   The contract provided that if the notes were not paid at maturity Lippincott and Company might enter and take the property without process of law, and that the title to the property did not pass, but remained in Lippincott and Company until payment of all the notes was made.   On January 5, 1897, Horn and wife made a deed of assignment of all their property to John B. Forbes for the benefit of their creditors.   The assignment provided, among other things, that the assignee should sell and dispose of the property assigned for cash at private or public sale, or on time, with good security, if sold in bulk, as he might deem most beneficial to the interests of the creditors, and convert the same into money.   On March 20, 1897, while the soda fountain was in possession of Forbes, the assignee, the appellant, by his attorney,

served on Forbes a written notice disaffirming the sale and demanding possession of the soda fountain, and tendered back the unpaid notes.    Forbes refused to comply with the demand, and at the same time tendered plaintiff's attorney thirty dollars in money, that being the face of the notes without interest, but not including interest, and such tender was refused, the attorney stating at the time that thirty dollars was not enough to pay the notes.    On March 22, 1897, Forbes, the assignee, sold and assigned the property to respondent, E. E. Rich, who subsequently sold to the respondent the Wasatch Drug Company, a corporation in which Rich is a stockholder.    On the 27th day of March, 1897, the attorney for the appellant demanded the property from Rich, who refused to deliver it, but offered to pay the notes in full, but made no tender, and was informed by the attorney that he was too late ; that he wanted the fountain.    After trial, judgment was rendered in favor of the defendants, and plaintiffs appealed.

After stating the facts, Miner, J., delivered the opinion of the court :

The respondents, defendants below, to maintain their defense, introduced in evidence the deed of assignment from Horn and the Wasatch Drug Company to Forbes, to which appellant objected on the ground that it was fraudulent and void as to creditors and as to the appellant, and that the assignee therein was empowered to dispose of the assigned property for cash at public or private sale, or on time, with good security if sold in bulk, as the assignee might deem most beneficial to the interests of the creditors.    The objection was overruled and the assignment introduced in evidence.

In one respect the appellant was a creditor of the assignor.    He could sue and recover on his unpaid notes,

or in his discretion take the property into his own possession after default.    After the assignment he demanded and sought to recover possession of the property.    The assignee for the benefit of creditors succeeded to such rights only as the assignor had at the time of the assignment.    He acquired no title to the property held by the assignor under a contract of conditional sale when the title thereto had not yet been vested in the assignor by the performance of the condition.    Under such circumstances the vendee under such contract of conditional sale can not sell or mortgage such property so as to pass title thereto until the conditions of the sale are complied with. 6 Am. & Eng. Enc. of Law, 494, 486, and cases cited.

As to the plaintiff, the assignment of the property in question was fraudulent, and he was entitled to take possession of the property.    The deed of assignment was void as to the plaintiff because it empowered the assignee to sell the property on credit.    Such a provision avoids the assignment because it inevitably tends to delay the conversion of the assets into money and would delay and hinder creditors in the collection of their claims under the provisions of Sec. 2838, Compiled Laws of 1888.

As against the plaintiff, who was entitled to the possession of the property under his contract, the deed was incompetent evidence.    The assignor could not by the execution of the assignment transfer to the assignee title to the property in question as against plaintiff's right of possession and ownership thereof as evidenced by the contract note given for the purchase money on the conditional sale.    As against the plaintiff, it was merely a written statement made by the maker of the notes that conveyed no title or right of possession to the assignee or to any one to whom he sold it.    The record does not show that any waiver of the condition in the

notes was ever made or offered to be shown. We are of the opinion that the court erred in admitting the deed in evidence. *Bues* v. *Shaughnessy*, 2 Utah, 492; *Spect* v. *Parsons*, 7 Utah, 107 ; *Porter* v. *Williams*, 9 N. Y., 142; 97 Am. Dec., 519; *Nicholson* v. *Levitt*, 6 N. Y., 510; 57 Am. Dec., 499; *Bowen* v. *Parkhurst*, 24 Ill., 257; *Wilheem* v. *Byles*, 60 Mich., 561 ; *Detroit H. & L. Co.* v. *Stevens*, 16 Utah, 177; *Hirsch* v. *Steele* 10 Utah, 18.

It is also contended that the court erred in refusing to instruct the jury to the effect that plaintiff was entitled to choose his own paymaster and was not bound to accept any offer from any person other than the original purchaser of the fountain. This request embraces the principle that where the vendee who is in default under the contract of conditional sale wherein the vendor retains title until full payment with power to take possession of the same on default, had sold the property covered by the contract and actually transferred possession thereof, the purchaser from such vendee acquires no title, and the vendor did not lose his title or right of possession, but has the right to take and retain the property, and was not bound to accept a tender of payment after default from a stranger to the contract although he be an assignee of his grantor or other person to whom it is transferred. We are of the opinion that the request should have been given.

" In the absence of any statute providing otherwise, the general rule is that where personal property is sold and delivered to the vendee on condition that the title is to remain in the vendor until the purchase price is paid or secured, the vendee who has not yet acquired title by the performance of the condition can convey no title even to a bona fide purchaser that can be enforced against the original vendor, and that the latter, if guilty of no laches,

may recover the property from such purchaser and from his vendee." 6. A. & E. Enc. of Law, 2d ed., 486, 487, and cases cited; *Hirsch* v. *Steele*, 10 Utah, 18.

The note or contract was payable at the bank. Default had been made in its payment and no legal tender of the amount due had been made, either before or after default. Demand of possession and recission of sale had been made before any proposal was made to pay by the assignee or his grantee. The vendor was entitled to the possession of the property after condition broken. The transfer of the property by Horn to the assignee and by him to Rich and the Wasatch Drug Company, either after default or after demand of the property by the plaintiff and the recission of the sale, created no title in the defendants. The plaintiff could not be compelled, under such circumstances, to accept, against his will, a new creditor or a new paymaster, or to make a new contract of sale. *Chase* v. *Pike*, 125 Mass., 116, 117; 6 A. &. E. Enc. of Law, 2d ed., 487; *Summer* v. *Woods*, 42 Am. Rep., 104; *Holman* v. *Lock*, 51 Ala., 287; *Kohler* v. *Hays*, 41 Cal., 455; *Detroit H. & L. Co.* v. *Stevens*, 16 Utah, 177; *Hirsch* v. *Steele*, 10 Utah, 18; *Thurby & Jackson* v. *Rainbow*, 93 Mich., 164; *Gill* v. *De Arment*, 90 Mich., 425; *Reed* v. *Hosmer*, 90 Mich., 152; *French* v. *Osler*, 32 Atl., 254; *Willard* v. *Morse*, 32 Pa., 506; Benjamin on Sales (Bennett's notes), 269.

The case is reversed and remanded to the district court with instructions to set aside and vacate the judgment and grant a new trial, appellant to recover costs.

BARTCH, C. J.. and BASKIN, J., concur.