# WALKER et al. v. CONSOLIDATED WAGON AND MACHINE COMPANY.

No. 2349.  Decided June 20, 1912 (126 Pac. 308).

1. SALES—CONDITIONAL SALES—RIGHTS AND REMEDIES OF SELLER. Where fifteen or sixteen persons purchased a plowing outfit, each one giving a note for his proportionate share of the purchase price containing a condition that title should remain in the seller until the purchase price was paid in full and that the seller might retake the property if it considered itself insecure, the seller had a right to retake the property on default by some of the purchasers in payment of their notes, although other purchasers had paid their notes. (Page 258.)

2. TENANCY IN COMMON—ACTIONS—REPLEVIN. Even if such of the purchasers as paid their notes thereby acquired an undivided interest in the outfit, they were mere tenants in common with the seller and could not maintain replevin to recover possession of the outfit from the seller. (Page 258.)

APPEAL from District Court, Seventh District; *Hon. A. H. Christensen,* Judge.

Action by John A. Walker and others against the Consolidated Wagon and Machine Company.

Judgment for plaintiffs. Defendant appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

*Moyle & VanCott* and *A. E. Moreton* for appellants.

*Jacob Johnson* for respondents.

STRAUP, J.

This is an action in replevin. In the complaint filed below it is alleged that each of the plaintiffs, eight in number, was the owner of an undivided one-fifteenth interest in and to a plowing outfit consisting of a steam traction engine, disc plows, gearing, and appliances; that the value of the outfit was $3000, and the value of each interest $200; that they were entitled to the possession of the outfit which was wrongfully taken and withheld from them by the defendant.

In addition to a general denial, the defendant alleged that it sold and delivered the outfit to the plaintiffs, and seven or eight others, upon terms of an express agreement that the title and right of possession should be in the defendant until the full purchase price was paid, and as evidenced by title notes executed and delivered by the purchasers containing the conditions and agreement that:

"The conditions of this transaction are that the title to said property does not pass from said company until this note and interest shall have been paid in full, and the said com-

pany or its agent has full power to declare this note due and take possession of said property when it deems itself insecure, even before the maturity of this note. And it is further agreed by the makers hereof that, if this note is not paid at maturity, the interest shall be one and one-half per cent, per month from maturity hereof until paid, both before and after judgment. In case this property shall be taken back, Consolidated Wagon & Machine Company may sell the same at public or private sale without notice, and apply the proceeds on this note; or it may, without sale, indorse the reasonable value of the property on the note, and I, we, or either of us agree to pay any balance due thereon after such indorsement, as damages and for the use of said property."

The defendant further alleged that upon such contract notes there was due and unpaid the principal sum of $953, and $299 interest, or at total of $1252, and that by reason of such defaults the defendant deemed itself insecure, claimed and took possession of the outfit, in accordance with and subject to the conditions stated in the notes.

To sustain the issues on their behalf, six of the plaintiffs testified that they each paid $200, the amount as evidenced by their notes, which were put in evidence, and to that extent each claimed an undivided interest in the outfit. They each executed, as did all of the other eight or nine purchasers, separate and individual notes, each for $200, containing the agreement and conditions referred to. They further testified, over the objection of the defendant, that, when the outfit was purchased and the notes given, the agent of the defendant negotiating the sale stated to them that, "if you men will go in on this machine, we will arrange this matter so that each man is responsible for his own part, and we will not hold you jointly for the machine," and that each would be held responsible only to the amount of the note signed by each, which when paid would represent the interest each held in the machine which defendant would protect. They further testified that after the sale and delivery of the outfit the purchasers, or a majority of them, selected one of their number, the

41 Utah 17

plaintiff Walker, as manager, and placed the machine or outfit in his charge. They further testified that some of the purchasers had not paid their notes, but did not know how many of them were in default. They, however, did not testify that more than six out of the fifteen or sixteen of the purchasers had paid their notes in full.

At the conclusion of plaintiff's evidence the defendant moved for a nonsuit on the ground that the plaintiffs had not shown that they were the owners of the outfit, or entitled to its possession, and that they, at most, had only shown that but six of them had an undivided one-fifteenth interest in the outfit, which did not give them a right to maintain replevin for the possession of it. The motion was overruled.

It is not necessary to refer to the defendant's evidence other than to state that the allegations of its answer in respect of the amount of the purchase price unpaid and long past due when the defendant demanded and took possession of the outfit were established beyond dispute, and the notes signed by all of the purchasers and unpaid put in evidence. The court, before whom the case was tried, found the facts as testified to by the plaintiffs, and rendered a judgment in their favor giving all the plaintiffs possession of the outfit, notwithstanding it was shown without dispute that two of the plaintiffs had not paid their notes, and that a number of other persons, not parties, had not paid theirs. The defendant appeals.

On the record a number of assignments are made and questions presented. We need not look at them in detail, for upon the undisputed facts we think it manifestly appears that the judgment is wrong. Stripped of unessentials, the case is this: Fifteen or sixteen men purchased the outfit from the defendant for the sum of $3000, to be paid in installments, as evidenced by the promissory notes referred to, and under terms of a conditional sale. The transaction was one transaction, the sale one sale. The defendant was the vendor, and the fifteen or sixteen men the purchasers or vendees. Instead of all signing one instrument and limiting the amount for which each was liable,

$200, and agreeing that the title of the property and right of possession should be retained by the defendant until the full amount of the purchase price and interest was paid, each signed a separate instrument or note to that effect. Confessedly, much of the purchase price remained unpaid. The purchasers had the use of the outfit for more than three years. On demand of the unpaid purchase price and the purchasers' failure to pay, the defendant took possession of the outfit, in accordance with and subject to the terms and conditions upon which it was sold. Thereupon eight of the purchasers brought this action in replevin, six of whom only had paid what they had agreed to pay.

Viewing the facts on the theory proceeded on by the trial court, that the purchasers who had paid their notes in full had acquired an undivided interest in the outfit, and should be regarded as tenants in common with the defendant, who clearly had the right of possession as against those purchasers who had failed to pay, still the plaintiffs had no standing in replevin, for the property is indivisible and the share or interest of one not susceptible of delivery without the whole. And for stronger reasons have they no such standing when the transaction is regarded, as it should be, one transaction, one sale, the subject of the sale an indivisible thing, the defendant the vendor, and the fifteen or sixteen men, including the plaintiffs, the purchasers or vendees, the sale a conditional sale by the terms of which the title to the outfit sold to the purchasers, and their retention of it, were expressly made to depend upon the payment of the full purchase price. And until that condition was performed the title of the property remained in the defendant, and did not pass to the purchasers.

The judgment of the court below is therefore reversed, and the cause remanded, with directions to grant a new trial. Costs to appellant.

FRICK, C. J., and McCARTY, J., concur.