FIRST NAT. BANK OF EVANSTON, WYO., v. BANK OF WAYNESBORO et al.

(Circuit Court of Appeals, Eighth Circuit. December 8, 1919.)

No. 5274.

1. SALES ☞473(1)—VENDOR UNDER CONDITIONAL SALE HAS TITLE SUPERIOR TO THAT OF BONA FIDE PURCHASER.

The general rule that a vendee under a contract retaining title to personal property cannot, as against the vendor, convey good title even to a purchaser without notice, is in force in Utah.

2. FIXTURES ☞20—VENDOR'S RIGHTS UNDER CONDITIONAL SALE CONTRACT SUPERIOR TO THOSE OF MORTGAGEE.

In Utah, the rights of a vendor retaining title to machinery for manufacturing ice until the purchase price is paid are superior to those of a person holding a mortgage on the premises in which such machinery was installed by the vendee.

3. COURTS ☞366(14)—STATE RULE OF DECISION GOVERNS IN CONDITIONAL SALE CONTRACT.

Whether the rights of a conditional sale vendor are superior to those of a person holding a mortgage on the premises in which the vendee installed the purchased article will be determined according to the law of the state in which the case arises.

Appeal from the District Court of the United States for the District of Utah.

Suit by Raymond H. Ryan against the James Coal & Ice Company, the First National Bank of Evanston, Wyo., the Bank of Waynesboro, T. D. Ryan, and others. From that portion of a decree adjudging the Bank of Waynesboro and T. D. Ryan entitled to certain funds in the hands of the receiver, the First National Bank of Evanston, Wyo., appeals. Affirmed.

S. T. Corn, of Ogden, Utah, for appellant.
J. D. Skeen, of Ogden, Utah, for appellees.

Before SANBORN, Circuit Judge, and MUNGER and YOUMANS, District Judges.

YOUMANS, District Judge. The James Coal & Ice Company, bought machinery for an ice plant from Frick & Co. under an agreement that the title to the machinery should remain in Frick & Co. until the purchase price was fully paid. Appellees succeeded to the rights of Frick & Co. under that contract. The machinery was installed in a building especially constructed for the purpose, and was placed on a heavy concrete foundation and bolted thereto. It could be removed by unscrewing the nuts on the bolts. The James Coal & Ice Company afterwards contracted other debts, which it secured by mortgage on the ice plant as real estate. Among the debts thus secured was a note to appellant for $3,000. The note was executed April 22, 1913, and was a renewal note. The mortgage was executed April 30, 1913. There is a balance of $1,700 still due, and that balance is represented by a renewal note. The plant was sold at receiver's sale, and the proceeds arising therefrom are now in court for distribution. The question here

is whether appellant, as a purchaser without notice, has a claim under the mortgage superior to the claim of appellees under the contract retaining title. The court below held that the note secured by the mortgage was not entitled to priority.

In the case of Bierce v. Hutchins, 205 U. S. 340, 347, 27 Sup. Ct. 524, 525 (51 L. Ed. 828), the Supreme Court said:

> "There remains the question whether the sale was conditional. Such sales sometimes are regulated by statute, and put more or less on the footing of mortgages. With the development of its effects there has been some reaction against the Benthamite doctrine of absolute freedom of contract. But courts are not Legislatures, and are not at liberty to invent and apply specific regulations according to their notions of convenience. In the absence of a statute, their only duty is to discover the meaning of the contract and to enforce it, without a leaning in either direction, when, as in the present case, the parties stood on an equal footing and were free to do what they chose. The contract says in terms that it is conditional, and that the goods are to remain the property of the seller until payment of the note given for the price. This stipulation was perfectly lawful."

In the case of Holt v. Henley, 232 U. S. 637, 640, 34 Sup. Ct. 459, 460 (58 L. Ed. 767), the Supreme Court said:

> "We turn now to the claim of the mortgagees. This is based upon the clause extending the mortgage to plant that may be acquired and placed upon the premises while the mortgage is in force, coupled with the subsequent attachment of the system to the freehold. But the foundation upon which all their rights depend is the Virginia statute giving priority to purchasers for value without notice over Holt's unrecorded reservation of title; and as the mortgage deed was executed before the sprinkler system was put in, and the mortgagees made no advance on the faith of it, they were not purchasers for value as against Holt. York Manufacturing Co. v. Cassell, 201 U. S. 344, 351, 352 [26 Sup. Ct. 481, 50 L. Ed. 782]. There are no special facts to give them a better position in that regard. But, that being so, what reason can be given for not respecting Holt's title as against them? The system was attached to the freehold, but it could be removed without any serious harm, for which complaint could be made against Holt, other than the loss of the system itself. Removal would not affect the integrity of the structure on which the mortgagees advanced. To hold that the mere fact of annexing the system to the freehold overrode the agreement that it should remain personalty and still belong to Holt would be to give a mystic importance to attachment by bolts and screws. For, as we have said, the mortgagees have no equity, and do not bring themselves within the statutory provision. We believe the better rule in a case like this, and the one consistent with the Virginia decisions so far as they have gone, is that 'the mortgagees take just such an interest in the property as the mortgagor acquired; no more, no less.'"

In the case of Detroit Steel Co. v. Sistersville Brewing Co., 233 U. S. 712, 716, 34 Sup. Ct. 753 (58 L. Ed. 1166), the Supreme Court said:

> "In Holt v. Henley, 232 U. S. 637 [34 Sup. Ct. 459, 58 L. Ed. 767], the court had to consider a similar question of priority in view of a Virginia statute like that of West Virginia upon which the petitioner relies, and, although in that case the conditional sale had not been recorded, it was held that the vendor was to be preferred. The main question now before us is whether this case is to be decided differently on the ground that the tanks were 'an essential indispensable part of the completed structure contemplated by the mortgage,' a question left open in the former decision. 232 U. S. 641 [34 Sup. Ct. 459, 58 L. Ed. 767]. The tanks were essential to the working of the brewery, and after they were installed the opening into the recess in which they stood was bricked up. It may be assumed that they became part of the realty as between mortgagor and mortgagee; but that is immaterial in equity,

however it may have been at the old common law. The question is not whether they were attached to the soil, but, we repeat, whether the fact that they were necessary to the working of the brewery gives a preference to the mortgagee. We see no sufficient ground for that result. This class of need to use property belonging to another is not yet recognized by the law as a sufficient ground for authority to appropriate it. If the owner of the tanks had lent them, it would be an extraordinary proposition that it lost title when they were bricked in. That it contemplated the ultimate passing of title upon an event that did not happen makes its case no worse, except so far as by statute recording is made necessary to save its rights. The common law knows no objection to what commonly is called a conditional sale."

[1-3] These three cases from the Supreme Court of the United States give full force to the general rule that a vendee under a contract retaining title to personal property cannot convey good title thereto, even to a purchaser without notice as against the vendor. This is the rule in Utah, and this case must be determined by the laws of that state. Hirsch v. Steele, 10 Utah, 18, 36 Pac. 49; Lippincott v. Rich, 19 Utah, 140, 56 Pac. 806; Walker v. Machine Co., 41 Utah, 255, 126 Pac. 308; Stores Co. v. Moon, 49 Utah, 262, 162 Pac. 622. The machinery could have been removed. In that respect the case is similar to the case of Holt v. Henley and the case of Detroit Steel Co. v. Sistersville Brewing Co.

The case of Triumph Electric Co. v. Patterson, 211 Fed. 244, 127 C. C. A. 612, was determined by the law of the state of Arkansas. The question there was whether the machinery involved was an irremovable fixture as defined by the decisions of that state. It was there held that under those decisions the machinery was an irremovable fixture. The case of In re Sunflower State Refining Co., 195 Fed. 187, 115 C. C. A. 139, was decided under the law of Kansas, which requires a conditional sale contract to be recorded.

There is no statute of Utah, nor decisions of its court of last resort, changing the general rule touching the point involved in this case. It follows that the decision of the lower court must be affirmed.