[No. 867.   Decided June 27, 1893.]

J. A. CLOUD, *Appellant*, v. JACOB RIVORD AND CLESTINE
ARQUETT RIVORD, *Respondents*.

PROMISSORY NOTES — INTEREST — DEFAULT IN PAYMENT — MATU-
RITY OF NOTE — ATTORNEY'S FEE.

In a suit to foreclose a mortgage securing a promissory note and
coupon interest notes the plaintiff is not entitled to judgment for
the interest notes not due, although the note in terms provides that
in case of default in payment of any interest when due, the princi-
pal note and interest coupons shall mature and become payable at
once at the option of the holder.

Where a promissory note provides that it shall bear interest at
the rate of four per cent. per month after maturity, such contract
applies to the definite time set for the payment of the note, and not
to the maturity arising by reason of a default in the payment of an
installment of interest.

Where a promissory note contains a provision for the payment
of an attorney's fee in case of suit to collect principal or interest,

such provision must be construed as a promise to pay a reasonable attorney's fee, and when plaintiff, in an action on such note, has alleged and proved a reasonable attorney's fee, he is entitled to judgment therefor.

*Appeal from Superior Court, Skagit County.*

*Million & Houser,* for appellant.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action to foreclose a mortgage on real estate which was given to secure a note for four hundred dollars given August 7, 1890. The note was made payable on the first day of July, A. D. 1895, and bears interest at the rate of ten per cent. per annum, with a provision that it shall bear interest at the rate of four per cent. per month after maturity. The interest is provided for in the shape of coupon notes of twenty dollars each attached to the principal note; each coupon or interest note provides that it shall bear interest at the rate of four per cent. per month after maturity. The note also provides that if any interest shall remain unpaid after due, the principal note and interest coupons shall become mature, due and payable at once, without further notice, at the option of the holder. There is also a promise to pay an attorney's fee in case of suit or action to collect the principal or interest. The third coupon note was not paid at maturity, and plaintiff brought his action to foreclose, asking judgment for $579.20, which, if we understand the complaint, represents the face of the note and all the coupon notes not paid, together with interest on the same at the rate of four per cent. per month from date of filing the complaint, together with an attorney's fee of $50, and $17.07 taxes paid (concerning which there is no dispute).

The court refused to allow the demand for an attorney's fee, and rendered judgment for four hundred dollars with interest on the same at the rate of ten per cent. per annum

from April 6, 1892, the date of the commencement of the action, and for twenty dollars, the amount of the coupon note due, with interest on the same at the rate of four per cent. per month from the time it became due; also, for costs, including statutory attorney's fee. From this judgment the plaintiff appeals, and urges that he should have judgment for the coupon notes not due with interest on the face of the principal note at the rate of four per cent. per month from the date of the filing of the complaint, and for an attorney's fee of fifty dollars.

Inasmuch as the coupon notes, not due, simply represent the computed interest up to the time when the principal note would become matured by time, it is very evident that the consideration for such notes failed when judgment was obtained for the principal, and plaintiff would under no principle of law or ethics be allowed to recover both the use of the money, and the money which represented its use, and the court very properly refused this demand.

So far as the contention of the appellant is concerned, that under the terms of the note he should be allowed interest on four hundred dollars at the rate of four per cent. per month from the date of filing the complaint, we have to say that while it is true that the note provides that if any interest shall remain unpaid after due, the principal note and interest coupons shall become matured at the option of the holder, yet construing all the provisions of this note together, we think that the provision "this note shall bear interest at the rate of four per cent. per month after maturity" was inserted with reference to the maturity of the note first expressed, namely, the first day of July, 1895, the time when the money became due. This construction is strengthened by the fact that the interest up to that day is made definite and certain, and fully and separately provided for by the coupon interest notes attached, and the judgment of the court in respect to the interest was right.

We think, however, that the language used in the note and mortgage, viz., "If suit or action shall be brought to collect principal or interest we promise to pay a collection and attorney's fee in said suit or action, which fee shall be taxed as the attorney's fee in the judgment rendered," must be construed to be a promise to pay a reasonable attorney's fee, and as the plaintiff alleged and proved that fifty dollars was a reasonable attorney's fee in this case, he is entitled to a judgment for that amount.

The cause will, therefore, be remanded to the lower court with instructions to modify the judgment to the extent of allowing appellant the difference between the statutory attorney's fee allowed by the court below, and an attorney's fee of fifty dollars. The appellant will be entitled to his costs in this court.

HOYT, SCOTT, STILES and ANDERS, JJ., concur.