CHARLES LIPPINCOTT & CO., APPELLANT, *v.* E. E. RICH AND THE WASATCH DRUG COMPANY, RESPONDENTS.

PROMISSORY NOTE — STIPULATION FOR REASONABLE ATTORNEY'S FEE—WHEN IT RENDERS NOTE UNCERTAIN IN AMOUNT—UNDER SECS. 1553 AND 1559 — CONDITIONAL SALE — PURCHASE PRICE NOTES NOT NEGOTIABLE — TITLE REMAINING IN VENDOR TILL FULL PAYMENT—TENDER OF RETURN OF UNPAID NOTES—NOT A CONDITION PRECEDENT TO REPLEVIN.

*Promissory Note—Stipulation for Reasonable Attorney's Fee—When it Renders Note Uncertain in Amount—Under Secs. 1558 and 1559.*

Under Secs. 1553 and 1559 R. S. 1898, a promissory note containing a stipulation to pay a reasonable attorney's fee in case the note is placed in the hands of an attorney for collection after maturity, is uncertain in amount because not binding the makers to pay a definite or certain sum and therefore non-negotiable.[1]

*Conditional Sale—Purchase Price Notes not Negotiable—Title Remaining in Vendor till Full Payment—Tender of Return of Unpaid Notes—Not Condition Precedent to Replevin.*

A conditional sale reserving the title to the property in the seller until payment of the purchase price, evidenced by notes which are not negotiable, with a right to take possession of

---

[1] *Donaldson* v. *Grant*, 15 Utah, 231; also *Salisbury* v. *Stewart*, 15 Utah, 308.

the property in case of failure to perform the conditions is valid, in this state, not only between the parties, but also as against third persons, and it is not a condition precedent to an action in replevin by the vendor in such case, that he return the non-negotiable notes, given by the vendee, as a part of the purchase price, before action brought, unless it is especially so agreed in the contract.[1]

(Decided June 6, 1900.)

Appeal from the Third District Court, Salt Lake County. Hon. A. N. Cherry, *Judge.*

Action in replevin to recover certain personal property and damages for the unlawful detention of the same. From a judgment of non-suit entered on motion at the close of plaintiff's testimony, plaintiff appealed. *Reversed.*

*C. S. Patterson, Esq.*, for appellant.

Unless the contract so provided the vendor who retakes the property upon default by the vendee is not generally bound to return unpaid notes given by the vendee to secure the purchase money. Am. & Eng. Encl. Law, Vol. 6, page 481; *Kirby* v. *Tompkins*, 48 Ark., 273; *Bauendahl* v. *Horr*, 7 Blatchf, 548; *Tuft's* v. *D'Arcambal*, 85 Mich., 185, (25 Am. St. Rep., 79).

The evidence showed that before the action was commenced the notes were tendered back to John B. Forbes, whom the evidence showed to be in possession of the property in controversy, under a deed of assignment from F. O. Horn and Jennie Horn, doing business as the Wasatch Drug Company. Under these circumstances a tender to Forbes was a tender to the Horns.

An assignment, though void as against creditors, is

---

[1] *Lippincott* v. *Rich*, 19 Utah, 140.

always valid as between the immediate parties. Burrill on Assignments, (6th Ed.) Sec. 323, and a large number of cases cited.

The effect of a deed of assignment is to place the assignee in the situation of representative or agent of the assignor, coupled with his relation as trustee for the creditors. Burrill on Assignment, Sec. 271; 3 Am. & Eng. Enc. Law, page 98.

Under the evidence the defendants were trespassers and had no legal right to require a tender of the notes, even had such tender been necessary.

At any rate, under the pleadings, no demand was necessary on defendants, as they set up title in themselves. Cobby on Replevin, Sec. 450, and cases cited.

*Messrs. Bennett, Harkness, Howat, Sutherland & Van Cott, for respondents.*

After the final sale to the Wasatch Drug Company, a corporation, the plaintiff had at least three elections:

1. To deal with the last vendee, and allow the latter to complete the executory contract in the same manner that the first vendee might have done.

2. To take back the fountain under the terms of the contract and hold the same until the last vendee complied with the terms of the contract, and then re-deliver the fountain.

3. Rescind or disaffirm absolutely the contract of the sale, and end the rights of all parties thereunder.

The vendor disaffirmed the conditional sale and demanded immediate possession of the property and tendered back the unpaid notes to the *assignee.* The unpaid notes were tendered not to the maker, but to the assignee. As plaintiff chose to rescind, he must abide by the principles of rescision; he must put the other party in *statu .*

*quo;* he must return as far as possible, what he has received.

The vendee cannot receive and retain money on a contract, retain under-due notes, and take all the property back besides; such action shocks the feelings and offends the dullest sense of justice. *Crabtree* v. *Segrist,* 3 New Mexico 495, 131 U. S. 291–2; 21 Ency. Law 84–9 and notes.

MINER, J.

This action was before this court on a former appeal, and the decision thereon is reported in 19 Utah, 140. In 1890, F. O. and Jennie Horn were doing business under the firm name of the Wasatch Drug Company. On that day they purchased from the plaintiff Charles Lippincott & Co., a soda fountain, the property in question here, by a contract of conditional sale, giving a large number of notes in connection with the contract, all providing that the title to the soda fountain should not pass to the Wasatch Drug Company until all of said notes were paid, and that until then the title thereto should remain in Lippincott & Co., who had the right in case of nonpayment at maturity of either of said notes, without process of law, to enter and take immediate possession of said property wherever it may be and remove the same. It was further provided in said notes that in case they, or either of them, were placed in the hands of an attorney for collection after maturity, by suit or otherwise, that the makers should pay a *reasonable attorney's* fee, and costs of collection. The notes falling due January 1st, February 1st, and March 1st, 1897, were unpaid at the time this action was commenced.

Prior to March 20, 1897, Horn and wife, trading as the Wasatch Drug Company, made an assignment of all their

property, including the soda fountain, to John B. Forbes, who went into possession thereof: Thereafter on the 20th day of March, 1897, plaintiff served on Forbes a written notice disaffirming the sale, demanded back the possession of the property on account of the non-payment of the notes, and tendered to Forbes the unpaid notes. Forbes refused to comply, but tendered the attorney for the plaintiff, who held the notes and made the demand, $30.00, that being the face value of the notes due, but did not include $1.60, interest due on said notes to that date. This tender was refused because the amount tendered was not sufficient. Immediately thereafter Forbes assigned and sold the property to the Wasatch Drug Company, who claimed the property at the time this action was brought. On April 7, 1897, this action was brought in replevin to recover the property and damages for the unlawful detention of the same.

At the conclusion of plaintiff's testimony, the defendants moved for a non-suit on the ground that the unpaid notes had not been tendered back to the makers F. O. and Jennie Horn. The non-suit was granted, and the action was dismissed. From this judgment of dismissal the plaintiff appeals.

One of the questions involved in this appeal is whether the plaintiff was bound to tender back the unpaid notes to Horn and wife before bringing this action in replevin; and another question is whether the notes were negotiable.

The notes in question were past due, and in the hands of the payee when the action was brought. One condition of the notes was that a *reasonable attorney's fee* should be paid in case the notes should be placed in the hands of an attorney for collection after maturity. The amount of the attorney's fee was not definitely fixed and

was uncertain in amount, and did not bind the makers to pay a definite or certain sum, and therefore the notes were not negotiable.   *Donaldson* v. *Grant*, 15 Utah, 231; Sec. 1553 and 1559 R. S. 1898.   See, also, *Salisbury* v. *Stewart*, 15 Utah, 308.

The transfer of the soda fountain by assignment, while good between the parties, was fraudulent as to creditors, and conveyed no title therein to the defendants.   Under the contract of conditional sale the plaintiff was entitled to take possession of the property on conditions broken, as held in *Lippincott* v. *Rich, et al.*, 19 Utah, 140.   Burrill on Assignments, Sec. 323.

The title to the property, as shown by the contract of conditional sale contained in the notes, did not pass to the grantee until all the notes were paid.   Until then the title remained in the plaintiff with the absolute right in case of non-payment of the notes at maturity, without process of law, to take immediate possession thereof and remove the same.   There was no provision or agreement in the notes that in case of their non-payment, or forfeiture of the contract for non-payment, that the unpaid notes should be surrendered to the makers.

As we have seen the notes were past due and not negotiable.   Their transfer before or after maturity would not injure the makers.   At the time of the demand these notes were tendered to Forbes, the assignee of Horne and wife, the makers.   As between the two, Forbes represented the makers in that transaction.   Whatever right Horne and wife possessed in the property was transferred to Forbes by the assignment.   As to those parties the assignment was valid.   Burrill on Assignments, Sec. 223.

. The possession of the property had been transferred to Forbes by Horn and wife, and he took possession and assumed the responsibility of the notes in so far as to offer

to pay them, but not the interest.   Upon the payment of the notes depended the title of the assignee.   If, under such circumstances, a tender of the notes was necessary at all, it was sufficient as made to the assignee.   The assignment operated as a quit claim of all the assignors' interest in the property, conveyed in the same plight and condition as they held it themselves.   The assignment would not defeat a pre-existing lien, nor lessen the obligation created by it.   Burrill on Assignments, Sec. 271.

But under the contract it was competent for the plaintiff to disaffirm the sale, and demand possession of the property, without tendering back the non-negotiable notes to the makers.   The title to the property never vested in the vendee, nor in the defendants.   It remained in the plaintiff.   The contract, on failure of a payment of the notes, authorized the plaintiff to take possession of the property wherever it may be without tendering back the notes.   Under such circumstances the plaintiff was entitled to demand and recover the property without any tender of the notes being made to the maker.   *Kirby* v. *Tompkins*, 3 S. W. R. 363 (48 Ark. 273); *Fleck* v. *Warner*, 25 Kas. 342; *McRea* v. *Merrifield*, 48 Ark. 160; *Bauendahl* v. *Horr*, 7 Blatchf. 548; *Tufts* v. *D'Arcambal*, 85 Mich. 185; *Lippincott* v. *Rich*, 19 Utah, 140.

A conditional sale reserving the title to the property in the seller until payment of the purchase price, evidenced by notes which are not negotiable, with a right to take possession of the same in case of failure to perform the conditions is valid in this State not only between the parties, but also as against third parties, and it is not a condition precedent to an action in replevin by a vendor of a conditional sale in such a case that he return the nonnegotiable notes given by the vendee as a part of the con-

ditional purchase price before action brought, unless it is especially so agreed in the contract *Fleck* v. *Warner*, 25 Kas. 342.

The case of *Segrist* v. *Crabtree*, 131 U. S. 287, cited by the respondents, arose out of a suit in trover for the conversion of cattle transferred by absolute bill of sale and for negotiable notes given in payment without any condition thereto, and without written authority to take possession in case of default in payment. The case is based upon an entirely different state of facts and a different cause of action from the one under consideration.

We are of the opinion that the court erred in granting the non-suit, and in holding that the notes should have been tendered back to the makers before suit.

The judgment of the district court is reversed. The cause is remanded to said court with directions to grant a new trial.

Plaintiff is entitled to costs.

BARTCH, C. J., and BASKIN, J. concur.