W. S. McCORNICK, Doing Business as McCORNICK &
CO., Respondent, v. J. M. SWEM and O. H. SONNE,
Appellants.

No. 1974.  Decided June 12, 1909 (102 Pac. 626).

1.  BILLS AND NOTES—ACTION BY INDORSEE—DEFENSES.  Where, in
an action on a note by an indorsee, the presumptions created by
Comp. Laws 1907, sec. 1578, 1608, 1609, 1611, that he was an in-
dorsee before maturity for value and in good faith, were not
overcome, the defense of partial failure of consideration was
properly rejected.  (Page 9.)

2.  BILLS AND NOTES—NEGOTIABLE NOTE—STIPULATION FOR ATTOR-
NEY'S FEES—EFFECT.  Under Comp. Laws 1907, sec. 1554, provid-
ing that a provision in a note for an attorney's fee does not
make the amount to be paid uncertain, a provision in a note by
which the maker agrees to pay a reasonable sum as an attorney's
fee does not render the note non-negotiable.  (Page 11.)

3.  BILLS AND NOTES—STIPULATION FOR PAYMENT OF ATTORNEY'S FEES.
A provision in a note for an attorney's fee, but leaving blank
the amount thereof, amounts to a promise to pay a reasonable
sum as an attorney's fee.  (Page 11.)

4.  BILLS AND NOTES—RECOVERY OF ATTORNEY'S FEES.  A plaintiff, in
an action on a note stipulating for a reasonable attorney's fee,
who employed an attorney, who conducted the case, need not to
recover an attorney's fee prove an express agreement with his
attorney as to fees, or that he paid the attorney a specified sum
before suit was commenced.  (Page 12.)

5.  BILLS AND NOTES—ATTORNEY'S FEES—STIPULATIONS—EFFECT.  The
amount of the attorney's fee stipulated for in a note should be
allowed, unless it is unjust, oppressive, or unreasonable in view
of the circumstances.  (Page 13.)

6.  BILLS AND NOTES—ALLOWANCE OF ATTORNEY'S FEES.  The court
in an action on a note for $1167 on which $791.22 had been
paid, stipulating for a reasonable attorney's fee, defended on the
ground that plaintiff was not a bona fide holder, but held the
note subject to defenses, may, on plaintiff proving that $75 is a
reasonable attorney's fee, allow such sum as an attorney's fee.
(Page 13.)

7.  BILLS AND NOTES—ISSUES—EVIDENCE.  Where, in an action on
a note, the issue was whether a stipulation in a note provided
for the payment of an attorney's fee, the testimony of the maker

that, before or at the time of the signing of the note, it was understood that it should not provide for an attorney's fee, was properly disregarded. (Page 13.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action on promissory note. From a judgment for plaintiff, defendant appealed.

AFFIRMED.

*H. J. Dinniny* for appellants.

*Henderson, Pierce, Critchlow & Barrette* for respondent.

FRICK, J.

Respondent, in his complaint, in substance, alleged: That on the 1st day of September, 1904, appellants, at Salt Lake City, Utah, executed and delivered their certain promissory note for the sum of $1167, payable in four months from said date, to the order of the Northern Light Mining & Milling Company, a corporation, at McCornick & Co.'s Bank, in Salt Lake City, with interest at 10 per cent. per annum. The note also contained the following provision: "In case this note is collected by an attorney, either with or without suit, we hereby agree to pay ——— dollars attorney fee." It was further alleged: "That, immediately upon the execution and delivery of said note, the same was, before maturity, for a valuable consideration, and in good faith, purchased by this plaintiff (respondent) from the payee thereof, which payee duly indorsed and delivered the same, and plaintiff is now and ever since has been the owner and holder of the same;" that no part of the principal or interest of said note has been paid except the sum of $791.22; that $100 is a reasonable attorney's fee. Respondent prayed judgment for the balance due on said note, and for the attorney's fee aforesaid. Appellants, in their answer, admitted the execution, delivery, endorsement, and transfer of the note, as alleged in the complaint. They, however, denied that respondent

purchased the note in good faith, but alleged that said note was secured by plaintiff (respondent) under the circumstances, and with the knowledge of the consideration thereof hereinafter set forth. The appellants also denied that $100 was a reasonable attorney's fee, and alleged "that said note does not provide for any attorney's fee whatever." Appellants, further, in substance, alleged: That the note in question, with two other notes of equal amounts, were given as the purchase price of a certain mill building, and for certain machinery, tools, and appliances therein owned by the Northern Light Mining & Milling Company, the payee; that said company, at the time of the execution of said note, was indebted to respondent in a sum in excess of the purchase price evidenced by said three notes; that said notes, including the one in question, were endorsed and delivered by said company to respondent in payment of the indebtedness aforesaid; that respondent obtained and received said notes in that way and for that purpose; that the respondent at the time of the making and indorsement of said notes knew what the consideration, for which the same were given, was, and knew the terms and conditions of the sale which was evidenced in writing in the form of an ordinary bill of sale, and knew that the title to said property did not pass to appellants until said notes were fully paid; that whatever property appellants received under said bill of sale was received by them through the order of respondent; that they did not receive all of the property mentioned in said bill of sale; but that certain articles duly specified and of the value of $375, which were included in said bill of sale, were never received by appellants, although they at divers times demanded the same from both the respondent and said company. Appellants therefore ask to be given credit for $375 on the amount found due on said note. At the trial, after introducing the note in evidence and proving, over appellants' objections, that $75 was a reasonable attorney's fee, respondent rested. Appellants then attempted to show what the consideration for the note was, to which respondent objected upon the ground that appellants had admitted in their an-

swer the indorsement and delivery of the note to respondent before maturity, for value, and had not alleged bad faith, or knowledge on the part of respondent of any failure of consideration, or infirmity in the note. The attorney for the appellants then offered to prove, in effect, that the respondent, at the time the note was indorsed to and received by him, had agreed to deliver the property mentioned in the bill of sale, which was admitted had been delivered to him with the notes. The court permitted appellants to make their proof without formal amendment of the answer, with the understanding that, if the evidence was sufficient to establish the facts stated by counsel, the amendment to the answer would then be allowed. The appellants presented all the evidence they had upon the offers aforesaid; but the court was of the opinion that the evidence they had adduced was insufficient: (1) In that it did not overcome the presumption that the respondent was a holder as indorsee before maturity for value, in good faith, without notice of any infirmity; and (2) that the evidence failed to establish an agreement by respondent that he would deliver the property for which the note was given, or that he was connected with the contract of sale, further than that it was delivered to him with the notes, and he had thus permitted appellants to remove and sell the property for the purpose of obtaining the money to pay the notes. The court therefore refused the amendment, and further sustained respondent's objections to the offer of appellant to prove that the articles claimed not to have been received by them were of the value of $385. The parties in open court waived findings of fact and conclusions of law, and the court rendered judgment for respondent for $503.13 as the balance due as principal and interest on said note, and for $75 as attorney's fee, and for costs. Upon substantially the foregoing record the case is brought to this court on appeal.

The first assignment of error relates to the ruling of the court that the evidence adduced by appellants did not estabish the alleged agreement, namely, that respondent had agreed to deliver the property mentioned in the

bill of sale. Without referring to the evidence in detail, we are clearly of the opinion that the conclusion of the court that the evidence adduced by appellants did not establish such an agreement nor connect the respondent with the original agreement of sale so as to admit the defense of a partial failure of consideration against him, was right. Nor is the assignment tenable that the court erred in not sustaining the defense of a partial failure of consideration, upon the ground that respondent was not an indorsee, before maturity, for value, and in good faith. In this regard the presumptions arising in favor of respondent, by virtue of sections 1578, 1608, 1609, and 1611, Comp. Laws 1907, were not overcome by any evidence adduced or offered by appellants, and hence the court was right in not considering this defense.

Appellants' counsel further insists that the note in question was non-negotiable upon its face because, if it provided for an attorney's fee at all, it was for an indefinite and uncertain sum, and hence destroyed the certainty required in negotiable instruments. Before the adoption of the so-called "negotiable instruments law," the authorities upon this question were in hopeless conflict with, perhaps, the greater number of cases in favor of holding promissory notes containing attorney's fee clauses as negotiable. Since the adoption of that law by a large number of states, including Utah, the holdings have become more uniform, and it is now generally held that a provision in a promissory note that the maker thereof will pay a specific amount named, or a certain per cent. of the amount due, or a reasonable amount, as an attorney's fee, does not affect either the certainty or the negotiability of the instrument. (Selover, Negotiable Instruments Law, section 68; Eaton & Gilbert on Commercial Paper, 204-207.) A large number of cases are collated by the authors in the footnotes to which we refer the reader. See, also, upon the subject generally, 1 Daniels on Negotiable Instruments, sections 62, 63a; 4 A. and E. Ency. of Law (2 Ed.), 98, 102; 7 Cyc. 584.

It is true that this court, in the case of *Lippincott v. Rich,* 22 Utah 196, 61 Pac. 526, under a statute different from the

one which was in force when the note in question was executed, held that a provision in a note to pay a reasonable attorney's fee rendered the instrument uncertain, and hence non-negotiable. Section 1554, Comp. Laws 1907, however, expressly provides that a provision in a note to pay "with costs of collection, or an attorney's fee, in case payment shall not be made at maturity" does not make the amount to be paid uncertain. This section was adopted in 1899, while the note passed on in *Lippincott v. Rich, supra,* was executed in 1890. In view of the change of the law, the case of *Lippincott v. Rich, supra,* cannot be considered as of controlling influence upon this question, and the ruling in that case must be held to be superseded by section 1554, *supra.* The doctrine as announced in the case of *Salisbury v. Stewart,* 15 Utah 308, 49 Pac. 777, 62 Am. St. Rep. 934, is therefore applicable, and should prevail. We are of the opinion therefore that a provision in an promissory note, by which the maker agrees to pay a reasonable sum as an attorney's fee, does not render the note non-negotiable.

The further contention is made that the provision in the note, in the form in which it was executed, was, in legal effect, an agreement not to pay an attorney's fee; but, if this is not its effect, then in view that the note did not specify any amount, nor in terms provide for a reasonable sum as an attorney's fee, that this was the same as if no provision to pay an attorney's fee had been incorporated into the note. Counsel have not cited any cases either for or against this proposition. As an original proposition, and in view that in cases like the one at bar an attorney's fee is recoverable only by virtue of some agreement, there seems considerable force to the contention made by counsel. We have devoted considerable time in making a somewhat thorough research of both text-books and reports, but have been unable to find either text-writer or case which sustains counsel's contention. Upon the other hand, we have found cases in which it is held that, where the amount is left blank in an attorney's fee clause, it

is tantamount to a promise to pay a reasonable sum as an attorney's fee. We feel constrained to follow the cases in which it is so held, namely: *Hildreth v. Williams* [Cal.], 33 Pac. 1113; *Alden v. Pryal,* 60 Cal. 215; *Bonesteel v. Bovie,* 128 Cal. 511, 61 Pac. 78. In all of the foregoing cases the space where the amount of the attorney's fee was intended to be inserted was left blank, and it was contended, as it is in this case, that there was no promise or agreement to pay an attorney's fee. The court, however, in effect, held that the promise to pay an attorney's fee, without specifying any amount, was a promise to pay a reasonable fee. In *Cloud v. Rivord,* 6 Wash. 555, 34 Pac. 136, the agreement was general, merely, with respect to attorney's fee, and it was held that such a general statement amounted to a promise to pay a reasonable fee.

It is also contended that there was no proof that respondent paid, or was required to pay, an attorney's fee, and hence the court erred in allowing such fee. The case of *Salisbury v. Stewart, supra,* is cited as supporting this contention. We do not think that case goes to the extent counsel claims it does. True, in that case, the judge who wrote the opinion, by way of argument, in effect said that the attorney's fee, stipulated for was for an attorney employed to conduct the case, and if no attorney was employed, and no attorney's fee paid by the party claiming it, then the court should not allow a recovery for such fee. In the case at bar attorneys were employed, they conducted the case and the proof is unquestioned that the amount allowed by the court was a reasonable fee. Under such circumstances, was the respondent required to prove that there was an express agreement between him and his attorneys with regard to fees, or that he had paid them $75, or more, before the suit was planted? We think not. If the appellants agreed to pay anything, it was a reasonable amount as an attorney's fee. The agreement was not that in the event respondent was required to pay at attorney's fee appellants would repay him a sum equal to what he was required to pay his attorney. Suppose respondent had obligated himself to pay his attor-

ney's the sum of $150, would appellants have been willing to pay respondent that amount, simply because he was obligated to pay that amount to his attorneys? We think not. In case the amount is not expressly agreed upon, it is the duty of the court to limit the fees to a fair and reasonable sum, in view of all the circumstances. It has frequently been held that, even when the amount has been agreed upon, it is nevertheless subject to control by the courts; and, therefore, if it appears to the court that the amount agreed upon is unfair, unjust, or unreasonable, the court should permit a recovery only for what is reasonable under all the circumstances the same as where no amount has been agreed upon. It seems to us, however, and quite a number of the courts so hold, that *prima facie* the amount agreed upon should be assumed as the proper fee to be allowed, and unless it is clearly obvious to the court, or is made to appear, that the amount stipulated for is unjust, oppressive, or unreasonable, in view of all the circumstances of the case, the stipulated amount should be allowed. See 4 A. and E. Ency. of Law (2 Ed.), 102 *et seq.*, where the doctrine is discussed and the cases to a large extent are collated. Upon the question that the proof in this case was sufficient to authorize the court to allow the attorney's fee, we refer to the following among numerous other cases that might be cited: *Boyd v. Smith* (Ind. App.), 39 N. E. 208; *Harvey v. Baldwin,* 124 Ind. 59, 24 N. E. 347, 26 N. E. 222; *Starnes v. Schofield,* 5 Ind. App. 4, 31 N. E. 480; *Roe v. Bridges* (Tex. Civ. App.), 31 S. W. 317; *Bank v. Gay,* 114 Mo. 203, 210, 21 S. W. 479.

At the trial one of the appellants testified that, before or at the time the note in question was signed, it was understood that it should not provide for an attorney's fee. Counsel now contends that this testimony was admitted without objection, and, as it was not denied, the trial court should have given it effect. This testimony, however, went in with the general statement the witness made for the purpose of laying a foundation to amend the answer as hereinbefore stated. In view that it was not averred in the an-

swer that the note did not express the contract of the parties thereto, or that the attorney's fee clause was inserted through fraud, mistake, or inadvertence, and as there was nothing but a denial that the note provided for an attorney's fee, which in effect was only placing a different construction upon the meaning of the language used, the court probably disregarded the evidence of the witness upon this point as he had a right to do.

The other assignments have been covered by what we have said, and we need not refer to them specially.

The judgment is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.