FARMERS STATE BANK OF COLOGNE v. THOMAS J. SKELLET.[1]

June 17, 1921.

No. 22,256.

**Renewal note — good faith of holder — charge to jury.**

A note given in renewal of a valid note is good in the hands of an assignee of the payee, without proof of his good faith, though when the payee took the renewal he promised the maker that he would place it as collateral to a loan then contemplated and would not otherwise negotiate it, and, failing to procure such loan, negotiated it in violation of his promise.

Action in the district court for Ramsey county to recover $312.50 on a promissory note. The facts will be found in the opinion. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict for $356.45. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*George T. Simpson* and *John F. Dahl,* for appellant.
*Morphy, Bradford & Cummins,* for respondent.

DIBELL, J.

Action on a promissory note. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

[1]Reported in 183 N. W. 831.

FARMERS STATE BANK OF COLOGNE V. SKELLET     267

The note dated June 14, 1918, was made by the defendant to W. H. Schafer and was indorsed by him and was purchased by the plaintiff. The defense, and there was evidence to support it, was that the note was given as an accommodation; that it was to be used by Schafer as collateral to a loan which he was negotiating at Chicago for the promotion of a corporation in which he and the defendant and others were interested; that it was not to be used otherwise, and that contrary to the agreement, and upon Schafer failing to get the loan, it was negotiated to the plaintiff. This was the defense specifically pleaded and the only defense made. If the facts were as pleaded, the note was negotiated in fraud and the title of Schafer was defective within the Negotiable Instruments Act. G. S. 1913, § 5867, and in such event the defense was good within McWethy v. Norby, 143 Minn. 386, 173 N. W. 803, and cases cited.

There was evidence that the note, along with others, was given in renewal of a note or notes, valid so far as appears, made by the defendant to Schafer in March, 1918. This was the claim of the plaintiff. The claim of the plaintiff and that of the defendant were necessarily hostile. Both could not be true.

The court submitted both theories to the jury. It charged, relative to the claim of the plaintiff, that if the note in suit was a renewal of a former note given by the defendant to Schafer, which as we have said was apparently valid, then it was given upon a valuable consideration and the defense claimed by the defendant was not made out. The only error claimd is in this charge.

The charge was correct. If the note was a renewal, it had a real inception when made and delivered, was supported by a consideration, and was unlike the accommodation note in McWethy v. Norby, which was without vitality until negotiated by the payee; and a promise by the payee in the case at bar that he would use it as collateral to a specific obligation and would not negotiate it elsewhere, would be no defense. If it was an actual obligation, owing from the defendant to the plaintiff, he could use it as he pleased. If he did not negotiate it he could recover upon it, and if he negotiated it his assignee could recover.

Whether the plaintiff was a bona fide purchaser was an issue. The

verdict was general. In view of the other issue, going to the validity of the note itself, the plaintiff necessarily rests its right of recovery upon the question. we have discussed.

Order affirmed.