FIRST NATIONAL BANK OF MANKATO v. THOMAS H. CAREY AND EDWARD CAREY.

October 20, 1922.

No. 22,757.

**Note, with exchange and collection charges included, a negotiable instrument.**

1. A provision in a promissory note to pay exchange and collection charges does not take it out of the class of negotiable instruments under the Negotiable Instruments Act.

**Holder of negotiable instrument prima facie a holder in due course.**

2. The holder of a negotiable instrument is deemed prima facie to be a holder in due course and need not prove affirmatively that he is such holder, unless it be shown that the title of the person who negotiated the instrument was defective.

**Payee's title not defective by promise not to transfer it, when.**

3. Where a promissory note was executed and delivered uncon-

[1]Reported in 190 N. W. 182.

ditionally, a promise by the payee not to transfer it does not render his title defective.

**When defense of breach of warranty is available against transferee of note.**
4. Where the title of the person who negotiated a note was not defective, a defense of breach of warranty is not available against the transferee, unless it be shown that he had knowledge of the warranty and of its breach before he parted with the consideration for the note.

Action in the municipal court of Mankato to recover $388.75 and interest on a promissory note. The case was tried before Goff, J., who at the close of the testimony denied motions by the respective parties for directed verdicts, and a jury which returned a verdict for defendants. Plaintiff's motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*C. J. Laurisch,* for appellants.

*F. E. Morse, S. B. Wilson, Ivan Bowen* and *LeRoy Bowen,* for respondent.

TAYLOR, C.

This is an appeal from a judgment on a promissory note rendered by order of the court notwithstanding a verdict for the defendants. The defendants owned a Little Giant tractor which they had used for six years. They took it to Mankato and had the Little Giant Company overhaul and repair it. They testified that when they came for the tractor the company represented and guaranteed that it had been put in first class shape and would do good work, but refused to let them have it until they had settled for the repairs; that they gave the note in controversy for the cost of these repairs; that at their instance the company promised not to transfer the note; that they took the tractor home and about a month later attempted to use it and found that it would not work. The note was dated July 1, 1920, and was payable on or before December 1, 1920. The Little Giant Company did its banking business with the plaintiff bank. On July 2, 1920, the company indorsed the note and delivered it to the bank as a part of its deposit made on that

day and received credit for the amount in its account with the bank. At the close of business on that day it had a credit balance in this account of more than $3,000. At the close of business on the following day, July 3, the account was overdrawn, showing that the bank had paid out the full amount of the note. When the note became due the defendants refused to pay it and the bank brought this action.

While the answer alleges fraud as well as breach of warranty and lack of consideration, the evidence most favorable to the defendants will not sustain a finding of fraud, but only of a breach of warranty, or, perhaps, of a failure, or partial failure, of consideration. Neither breach of warranty nor failure of consideration can be interposed as a defense to an action on a negotiable promissory note brought by a bona fide purchaser thereof, or, as he is termed in the Negotiable Instruments Act, a holder in due course.

1. Defendants contend that the note is not a negotiable instrument which passes to a holder in due course free from defenses, for the reason that it contains a promise to pay "all exchange and collection charges." The rule for which they contend was the rule in this state prior to the enactment of the Negotiable Instruments Act, but was abrogated by section 2 of that act, section 5814, G. S. 1913. By virtue of that statute a stipulation in a note to pay collection charges no longer takes it out of the class of negotiable paper. First Nat. Bank v. Miller, 139 Wis. 126, 120 N. W. 820, 131 Am. St. 1040; McCormick v. Swem, 36 Utah, 6, 102 Pac. 626, 20 Ann. Cas. 1368.

2. The holder of a negotiable instrument is deemed prima facie to be a holder in due course; but, when it is shown that the title of the person who negotiated the instrument was defective, the burden is on the holder to prove that he, or some one under whom he claims, acquired it in due course. G. S. 1913, § 5871. Defendants contend that the title of the Little Giant Company was defective for the reason that the company had promised not to transfer the note, and that this cast upon the plaintiff the burden of proving that it was a holder in due course. The note was executed and delivered as an actual obligation of the defendants; it was not

delivered conditionally or to take effect on the happening of some future event, but absolutely and to go into effect at once. The promise not to transfer it did not make the title defective nor furnish any ground for a defense to the note. Farmer's State Bank of Cologne v. Skellet, 149 Minn. 266, 183 N. W. 831; Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663.

3. Defendants contend that the bank was chargeable with notice of the representations and warranties made by the Little Giant Company, for the reason that the president and cashier of the bank were officers of the company, one being president and the other secretary and treasurer. In State Bank of Morton v. Adams, 142 Minn. 63, 170 N. W. 925, it is said [at page 68]:

"The very tangible and workable rule has been established in this state that a bank is chargeable with knowledge possessed by its active officer pertaining to transactions within the scope of the bank's business even though such knowledge is acquired in another transaction, if it appears that the knowledge is actually present in his mind while he is acting for the bank."

It does not appear that any officer of the bank ever had any actual knowledge of the transaction between defendants and the Little Giant Company. The transaction on the part of the company was conducted wholly by O. M. Hatcher, its manager, who is not claimed to have had any connection with the bank. The day after receiving the note, Hatcher as manager indorsed it in the usual way, deposited it in bank, and the amount was placed to the credit of the company. This transaction on the part of the bank was conducted wholly by its cashier. He testified that he had no knowledge whatever of the consideration for the note or of the transaction in which it was taken, and that the Little Giant Company made similar deposits almost daily which were accepted by the bank and placed to the credit of the company in the usual course of business. It does not appear that either the president or the cashier of the bank took any active part in the operation of the company, or had anything to do with the business transactions between the company and its patrons.

It does appear that the cashier understood in a general way that the notes deposited by the company were taken for merchandise or repairs and that the company usually gave its customers a standard warranty. But, assuming that the cashier had actual knowledge of the special warranty in question and that his knowledge was the knowledge of the bank, this would not be sufficient to overcome the presumption that the bank was a holder in due course, unless it was also shown that there had been a breach of warranty and that the cashier had knowledge of the breach when he took the note, or, at least, before the bank parted with the consideration for it. It is only when the title of the person who negotiated the instrument is shown to have been defective that the Negotiable Instruments Act places on the transferee the burden of proving that he is a holder in due course. Proving a warranty and its breach, or a failure of consideration, does not show a defective title within the meaning of the act; and, in order to sustain such defenses, the maker must prove not only a warranty and its breach or a failure of consideration, but also that the transferee had knowledge that the warranty had been breached, or that the consideration had failed when he acquired the instrument or parted with the consideration for it. G. S. 1913, §§ 5867, 5871; McKnight v. Parsons, 136 Iowa, 390, 113 N. W. 858, 22 L. R. A. (N. S.) 718, 125 Am. St. 265, 15 Ann. Cas. 665; Rublee v. Davis, 33 Neb. 779, 51 N. W. 135, 29 Am. St. 509; National Bank v. Miller, 51 Neb. 156, 70 N. W. 933; McCormick v. Swem, 36 Utah, 6, 102 Pac. 626, 20 Ann. Cas. 1368; Commercial Security Co. v. Jack, 29 N. D. 67, 150 N. W. 460; Bank of Polk v. Wood, 189 Mo. App. 62, 173 S. W. 1093; Moyses v. Bell, 62 Wash. 534, 114 Pac. 193; Sheffield v. Johnson Co. Sav. Bank, 2 Ga. App. 221, 58 S. E. 386; Ireland v. Shore, 91 Kan. 326, 137 Pac. 926; Bank v. Wasler, 162 N. C. 53, 77 S. E. 1006; Asbury v. Taube, 151 Ky. 142, 151 N. W. 372. Here no attempt was made to show that the bank or any of its officers had knowledge of the breach of warranty relied upon; and in fact this breach was not known even to the defendants who had possession of the tractor until long after the bank had parted with the full consideration for the note.

The learned trial court was correct in holding that the defend-

ants had failed to overcome the statutory presumption in favor of the holder of the note, and the judgment is affirmed.