## FIRST NATIONAL BANK OF MINNESOTA LAKE v. L. W. KLIMENHAGEN.[1]

June 6, 1924.

No. 23,996.

**Holder of note in due course entitled to directed verdict.**

Action on promissory note. Plaintiff claimed to be a holder in due course. Defense that note was procured by fraud and that plaintiff was not a holder in due course. *Held* that the evidence established as a matter of law that plaintiff was a holder in due course and was entitled to a directed verdict.

Action in the district court for Mower county to recover $1,250 on a promissory note and a judicial sale of the collateral security thereon. The case was tried before Peterson, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed with directions to enter judgment in favor of plaintiff.

*A. C. Richardson,* for appellant.

*Hopp & Larson,* for respondent.

[1]Reported in 199 N. W. 91.

WILSON, C. J.

Action by plaintiff to recover on a promissory note and to enforce by judicial sale its rights to collateral thereto. The answer alleges that the note was procured by fraud.

The facts are substantially these: On November 15, 1920, defendant was solicited, by one Earl Gernert, to buy stock in the Austin Clay Works, and on that day he gave his note to Gernert for $1,250 payable "to the order of myself" 6 months after date. He indorsed the note. This note together with a liberty bond for $100 was given for 12½ shares of stock in the Austin Clay Works. The certificate of this stock was then produced and defendant made the usual assignment on the back thereof and left it with the note as collateral.

One C. W. Streeter in the summer of 1920 bought from the Austin Clay Works 50 shares ($100 each) and gave his note therefor and left the stock as security. Arrangements were later made for Gernert to sell a portion of the Streeter stock. The certificate for 12½ shares issued to defendant was taken from this stock and the $1,250 note was credited upon the Streeter indebtedness.

The Austin Clay Works held the $1,250 until in March, 1921. Mr. M. S. Fisch was president of the Austin Clay Works and he was also the president of the plaintiff bank in which the Austin Clay Works carried a checking account.

On March 23, 1921, the secretary of the Austin Clay Works 'phoned the cashier of plaintiff in regard to discounting the $1,250 note and another note of $850. On the same day the notes were mailed in a letter to plaintiff, who then required a guaranty from the Austin Clay Works, which was made under date of March 28, 1921, and mailed to plaintiff. Under date of March 31, 1921, plaintiff entered these two notes by name upon the usual deposit slip totaling $2,100 and on that day credited the checking account of the Austin Clay Works with the $2,100. On March 28 this account had a balance, but on the twenty-ninth, thirtieth and thirty-first, until this deposit was made, it had an overdraft. This deposit was all checked out on and prior to April 9. The bank had no knowl-

edge of statements made by Gernert to the defendant inducing the purchase of the stock.

The note was not paid at maturity, and the bank handed the note to the secretary of the Austin Clay Works to collect or get a renewal. With one of the directors of his company, he went to defendant who made under date of September 9, 1921, a renewal note in the same form as the original note, and for the same amount, due 6 months after date. He paid the interest of $72 by a check payable to the director personally, and the latter gave him a receipt therefor signed " M. V. Facey for Austin Clay Works." This renewal note being indorsed by the maker was sent to plaintiff. The Austin Clay Works did not indorse either note.

The defendant offered evidence in support of his allegations that Gernert made fraudulent representations to him and that he relied thereon. He also claimed that the secretary and Facey in procuring the renewal note also made false statements in procuring the renewal.

Plaintiff claims to be a bona fide holder of the original note and the renewal.

The action is in the nature of a foreclosure and the answer seeks the cancelation of the note. The action was an equitable one, but the court instead of submitting special issues to a jury, submitted the case, over the objections of plaintiff, to the jury for a general verdict which was rendered in favor of defendant.

Plaintiff now appeals from the order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Among several assignments of error plaintiff claims that the proofs showed it to have been a holder in due course and that it was entitled to a directed verdict, which was denied, and that it was later entitled to judgment notwithstanding the verdict.

If plaintiff was a bona fide holder of the original note, the defendant would be legally bound to pay it, and the renewal of the note being simply a continuation of the original debt, the statements made in connection therewith could not affect the status of the plaintiff in this respect.

Was the plaintiff a bona fide holder of the original note? It conclusively appears that plaintiff bought this note in the usual course of business before maturity for value, and without any notice of the alleged fraud. There is nothing in the record from which any knowledge of any fraud can be fairly imputed to plaintiff. The note is complete and regular upon its face. It was taken in the best of faith. Plaintiff had no notice of any infirmity in the note. All the elements of a holder in due course, section 5864, G. S. 1913, were present. The fact that Mr. Fisch was the president of the two corporations is of little importance since he had nothing to do with the transaction. First Nat. Bank v. Carey, 153 Minn. 246, 190 N. W. 182; State Bank v. Adams, 142 Minn. 63, 170 N. W. 925. Neither is there any significance in the fact that the bank knew that the note was given for the stock which was collateral to the note. Goedhard v. Folstad, 156 Minn. 453, 195 N. W. 281. It appears as a matter of law that plaintiff was a holder in due course. Goedhard v. Folstad, 156 Minn, 453, 195 N. W. 281; Midland Nat. Bank v. Farmers Cooperative Elev. Co. 157 Minn. 348, 196 N. W. 275. There is no evidence to support the verdict to the contrary. For this reason the verdict must be set aside. It was the imperative duty of the trial court to have granted the motion for a directed verdict. Failure to do so was error. It was also error to deny the motion for judgment notwithstanding the verdict.

The court erred in submitting this case to the jury for a general verdict. The court had the right to submit special issues to the jury. This being an equitable action the plaintiff was entitled to have findings made by the court. In view of our conclusion as to the merits of the case this error, which otherwise was sufficient to require a new trial, is harmless because the plaintiff will now prevail.

Our conclusion on this branch of plaintiff's several assignments of error renders it unnecessary to discuss the other questions tendered. The order appealed from is reversed with directions to enter judgment in favor of the plaintiff.