STATE BANK OF SWEA CITY v. EMIL LOVRENZ.[1]

April 17, 1925.

No. 24,561.

**Buyer of negotiable note, without notice of breach of warranty, holder in due course.**

One is the holder in due course of a negotiable note, notwithstanding he bought with notice of a warranty, provided he had no notice of a breach of that warranty.

See Bills and Notes, 8 C. J. p. 510, § 718.

Action in the district court of Blue Earth county to recover upon a promissory note. The case was tried before Comstock, J., and a jury which returned a reduced verdict for $149.67. Plaintiff appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Reversed.

C. J. Laurisch and B. D. Smith, for appellant.

H. L. & J. W. Schmitt and H. W. Volk, for respondent.

STONE, J.

Action, by indorsee against maker, on a promissory note. After a verdict for plaintiff for a reduced amount, it appeals from an order denying its motion for judgment notwithstanding for the full amount of the note or a new trial.

[1]Reported in 203 N. W. 427.

The note was given by defendant to Powell Brothers of Swea City, Iowa, in payment for certain swine purchased at public auction. Immediately after its execution, it was indorsed to plaintiff under such circumstances as to make it a holder in due course unless knowledge be imputed to it of the warranties hereinafter referred to, and its title be subjected to the defense of breach of warranty as interposed in this action.

The defense has to do with the purchase of two sows by defendant from the payee. One was sold as an open gilt and warranted a sure breeder. The other was lame when brought into the ring, but, according to a witness for the plaintiff, "the auctioneer announced that the sow was selling sound and that the lameness was temporary."

There was no suggestion of intentional fraud and the case went to the jury solely as one of warranty. Plaintiff's cashier clerked the sale and his supposed knowledge of the warranties was imputed to plaintiff. The jury found for defendant and reduced plaintiff's recovery to the extent they considered him damaged by the breach of the warranty made by Powell Brothers, the gilt having proven sterile and the lameness of the other sow permanent and so serious as to destroy her value for breeding purposes.

We pass the question of the sufficiency of proof to charge plaintiff's cashier with knowledge of the warranties, and dispose of the case adversely to defendant because, even if the warranties were made and breached as claimed, plaintiff would still be a holder in due course and entitled to recover the full amount of the note. When plaintiff bought the note there was no breach of warranty so of course it took without notice of breach. In such a case the rule is as stated in 1 Daniel, Neg. Inst. (6th ed.) § 795-b, that "it is not a good ground of defense against a *bona fide* holder for value that he was informed that the note was made or the bill accepted in consideration of an executory contract, unless he was also informed of its breach."

Arthurs v. Hart, 17 How. 6, 11, 16, 15 L. ed. 34, is a typical case. A bill of exchange had been drawn and accepted for the balance of the price of a sugar mill which was "badly constructed and defective

both in the workmanship and materials." The sellers promised to repair it and plaintiffs, holders in due course of the bill, knew of that promise when they took the paper. They did not know of its breach. It was considered that the defendant had become bound. upon the paper, looking for protection to "this undertaking for indemnity and not to any conditional liability upon the acceptance." So here, defendant bought the two sows depending upon a warranty which was a part of the contract of sale, but no part of the note subsequently given. Knowledge of it by plaintiff at the time of its purchase of the note, without knowledge of any fraud or breach of the warranty, is immaterial. The title of Powell Brothers, when they sold the note, was not defective within the meaning of section 55, N. I. L.; § 7098, G. S. 1923. In the absence of fraud, or the "other unlawful means" therein referred to, a vendor's title to the note taken in payment for merchandise is not rendered defective simply because he has warranted the goods. Otherwise, sellers of merchandise with warranty would be much impeded in negotiating the notes and trade acceptances which frequently they must take and at once negotiate in order to finance their business. Large quantities of merchandise are sold on credit with warranties of quality. It would be intolerable to make defective the seller's title to negotiable paper taken in payment by holding that knowledge of the warranties, without notice of a breach thereof, would prevent the possessor of such knowledge from becoming a holder in due course. The purpose of negotiability is to keep out of the channels of commerce just such obstructions.

The case is ruled by Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663; Farmers State Bank v. Skellet, 149 Minn. 266, 183 N. W. 831, and First Nat. Bank v. Carey, 153 Minn. 246, 190 N. W. 182. In the Carey case it was said that in order to sustain such a defense as that now in question, "the maker must prove, not only a warranty and its breach * * * but also that the transferee had knowledge that the warranty had been breached * * * when he acquired the instrument or parted with the consideration for it."

Reversed and remanded with instructions to enter judgment for plaintiff, notwithstanding the verdict, in accordance with the views above expressed.