HARWOOD STATE BANK v. HENDRUM CO-OPERATIVE
ELEVATOR COMPANY.[1]

March 19, 1926.

No. 25,175.

**What owner of note obtained by fraud must prove to recover on it.**
   1. Fraud in the inception of a promissory note being conceded, in
an action brought by the owner claiming to be a holder in due course,
the plaintiff's burden of showing that he is such holder is not fully
met merely by proof that he acquired it before maturity and for value.
He must show that he acquired it in good faith. In this case the
proof was adequate.

**Guilty knowledge of cashier of bank not imputed to bank under the cir-
   cumstances.**
   2. A transaction was had between two corporations in which one
was represented by an officer of both, and the other by another of its
officers. Knowledge of the common official acting adversely is not
imputed to the corporation for which he was not acting.

   Bills and Notes, 8 C. J. p. 984 n. 60.
   Corporations, 14a C. J. p. 491 n. 62.

   Defendant appealed from an order of the district court for Nor-
man county, Grindeland, J., denying its motion for judgment not-
withstanding the verdict or for a new trial. Affirmed.
   *McClearn & Gilbertson*, for appellant.
   *Garfield H. Rustad* and *Harry Lashkowitz*, for respondent.

WILSON, C. J.
   Defendant appealed from an order denying its alternative motion
for judgment non obstante or a new trial. At the times herein im-
portant one Nelson was the cashier of the Hendrum State Bank
and devoted his time to the active management of its business. He
was also secretary and treasurer of the Hendrum Co-operative Ele-

[1]Reported in 208 N. W. 24.

vator Company, the defendant herein, and the president of plaintiff bank, but did not participate in its active management. The two banks served each other at times by taking over notes of customers to avoid excess loans.

This action is to recover upon a $2,500 note purporting to have been given by defendant to the Hendrum State Bank. It was indorsed without recourse and became a part of plaintiff's assets. The note is dated December 31, 1923 and is a renewal of a note originally given in 1921 which the Hendrum State Bank transferred to plaintiff for a note of one Knutson of $2,500. In these transactions the banks were represented by their respective cashiers. Most of the transactions are evidenced by letters. Whether the notes were excess loans is not important. It cannot be said that the original payee of the notes owned them after the transfer. Renewals were made to the original payee and transferred, but no reason appears for thinking this unusual. In fact by this procedure the patron does not necessarily learn that his note is being carried by some one other than the original payee. It has since developed that the original note and its renewal were the outcome of Nelson's fraud. He executed them. By falsehood he procured the signature of defendant's president to the note. Evidently he took from the bank, of which he was cashier, $2,500 either for this note or for the Knutson note. Defendant got nothing for it, and never authorized its execution. Upon the trial it was admitted that the note was obtained by the Hendrum State Bank from defendant by fraud and that the note is void as between defendant and the payee. The trial court submitted to the jury the question as to whether plaintiff had notice of the defect or had notice of sufficient facts to put it upon inquiry before it acquired the note within the provision of G. S. 1923, § 7099. The jury found for plaintiff.

Fraud in the inception of the note being conceded, the plaintiff's burden of showing that he is a holder in due course is not fully met merely by proof that he acquired it before maturity and for value. It must show that it acquired the note in good faith, i. e., in ignorance of the fraud. G. S. 1923, § 7102; First Nat. Bank v. Carey,

153 Minn. 246, 190 N. W. 182. The point is stressed in the argument that plaintiff in rebuttal did not go into this question and prove the absence of such notice. Plaintiff does not have to prove the essential fact at any particular state of the trial nor by any particular witness. The fraud was originally the secret of Nelson who was called as a witness by defendant. On cross-examination plaintiff proved by Nelson that, prior to the maturity of the note, he had never told plaintiff's cashier that the $2,500 note was not a bona fide transaction, and Nelson testified that he did not tell him because he didn't want him to know it. This evidence and the fact that the note was acquired for value before maturity and that the transaction was in the ordinary course of business in view of all the circumstances in the case fully justified the jury in sustaining plaintiff's claim. It is doubtful if a contrary verdict could have been sustained. Submission of the one question to the jury was as much as defendant could ask.

In this transaction Nelson acted adversely to plaintiff. He represented the bank of which he was cashier. As far as the fraud was concerned he was acting in his own behalf and in hostility to the plaintiff. He was not the sole representative of plaintiff in the transaction. His knowledge under such circumstances could not be imputed to plaintiff by virtue of his being its president. State Bank of Morton v. Adams, 142 Minn. 63, 170 N. W. 925; Farmers & M. State Bank v. Kohler, 159 Minn. 35, 198 N. W. 413; First Nat. Bank of Minn. Lake v. Klimenhagen, 159 Minn. 469, 199 N. W. 91; Central Met. Bank v. Chippewa County State Bank, 160 Minn. 129, 199 N. W. 901.

Affirmed.